PIER and others vs. AMORY.

VACATING JUDGMENT: *(1) For premature entry, must be at same term.* JURISDICTION. *(2, 3) Effect of service of summons, etc., out of the state.*

1. The premature entry of a judgment, where the court has jurisdiction of the subject matter and the parties, is merely an *irregularity;* and the judgment cannot be vacated on that ground, at a subsequent term.
2. Where service by publication, etc., is ordered, the statute provides that "personal service of a copy of the summons and complaint, out of the state, shall be equivalent to publication and deposit in the post office" (Tay. Stats., 1431, § 12); and where such personal service is made, it supersedes the necessity both of publication and mailing.
3. Such a service is complete, at the latest, within six weeks after it is made; and thereafter the court has *jurisdiction* of the defendant so served.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action, upon express contract, for a money judgment only, was commenced by attachment of property; and, an affidavit of defendant's nonresidence, etc., having been filed, an order was made December 17, 1875, in the usual form, for service by publication, etc. Proof was afterwards filed of personal service of the summons and complaint upon the defendant, made at Elizabeth, N. J., December 29, 1875. On the 12th of February, 1876, defendant obtained an order to show cause why the time to answer should not be extended; but his application for that purpose was denied, without prejudice, February 19th. On the 26th of the same month, plaintiff's attorney filed an affidavit, which stated, among other things, that a copy of the summons and complaint had been duly mailed

on the 18th of December, 1875, addressed to defendant at Elizabeth, N. J., as directed in the order of publication; that personal service of the same had been made upon him as above stated; that more than twenty days had elapsed since such service; and that defendant had made default, "for want of appearance within the time prescribed by law," etc.   Thereupon the court, on the same day, upon plaintiff's motion, took proof of the demand mentioned in the complaint, examining the plaintiffs on oath as to any payments thereon, found a certain amount to be due, and rendered judgment therefor. On the 22d of April following, to wit, at the next term of the court, defendant moved to vacate the judgment, on the grounds that the court never obtained jurisdiction of the cause; that the affidavit for the order of service by publication was insufficient; that the order did not appear from the record to have been complied with, in respect to the publication of the summons, or the mailing of a copy of summons and complaint *forthwith* to defendant; that the order did not authorize a personal service; that the affidavit of default was defective; that the judgment was prematurely entered, and was for a sum greater than that demanded, and the costs excessive and illegally taxed; and that the court never gained jurisdiction to enter it.

The court ordered the judgment to be vacated; and the plaintiff appealed from the order.

*Edward S. Bragg*, of counsel for appellant, argued, among other things, 1.   That the court had obtained jurisdiction of the cause by virtue of the attachment of the defendant's property in this state, the order for service by publication, and the subsequent personal service, within sixty days, of a copy of the summons and complaint in lieu of publication and deposit in the post office.   Tay. Stats., 1423, § 4; 1430–31, § 12; 1434, § 19; 1469, § 2; 1626, § 27; *Weatherbee v. Weatherbee*, 20 Wis., 499; *Waffle v. Goble*, 35 How. Pr., 356.   2. That even if the service had been defective, the court would have gained

jurisdiction of the defendant by his application for an extension of the time to answer. *Anderson v. Coburn*, 27 Wis., 558; *Mayhew v. Thacher*, 6 Wheat., 129; *Blyler v. Kline*, 64 Pa. St., 130; *Noyes v. Butler*, 6 Barb., 613. 3. That the court could not set aside the judgment for errors of law or of fact committed by the court in rendering it, or in the proceedings prior thereto. *Van Dresar v. Coyle*, 38 Wis., 672, and cases there cited.

The cause was submitted for the respondent on the brief of *Finches, Lynde & Miller*, who argued, 1. That the court acquired no jurisdiction to enter the judgment at the time when it was entered, by the order of publication and mailing of a copy of the summons and complaint, because the summons was not published, and the copy of summons and complaint was not mailed *forthwith* as the statute requires, but *eleven days* after the order was made. *Back v. Crussell*, 2 Abb. Pr., 386. 2. That while personal service of summons and complaint is, under the statute, equivalent to publication, this means that the party is to have the same length of time to answer, where such personal service is had out of the state, as where the summons is published and a copy of summons and complaint forthwith deposited in the post office, i. e., full six weeks and twenty days, or full *sixty-two days*. If the service was good, still defendant here had until the expiration of the 29th of February to answer; and the court had no power to enter the judgment until after that time. 22 How. Pr., 516; 8 Abb. Pr., 123; 3 Abb. Pr., N. S., 396; 49 N. Y., 84. 3. That the personal service in this case, not having been made *forthwith*, i. e., within a reasonable time after the order, but after a lapse of twenty-two days, was not *equivalent* to the prescribed service by publication, etc., and was not, therefore, a legal service. 4. That plaintiff, having stated, in his affidavit of default, that defendant *had not appeared*, was estopped from now claiming that the court had gained jurisdiction by virtue of defendant's application for an extension of time.

*Mariner v. R'y Co.*, 26 Wis., 85; *Cromwell v. Mason*, 2 Bush. (Ky.), 539; *Schumaker v. Hœveler*, 22 Wis., 43; *Miller v. Canal Co.*, 41 N. Y., 98; *Abbott v. Wilber*, 22 La. Ann., 368; *Kelley v. Eichman*, 3 Whart., 419; *Campbell v. Stevens*, 66 Pa. St., 314; *P. W. & B. R. Co. v. Howard*, 13 How., 336; *Hooker v. Hubbard*, 102 Mass., 241; *Martin v. Parsons*, 49 Cal., 100.   5. That the motion to vacate was in time, and the case did not come within the rule forbidding judgments to be vacated after the term, but within the exceptions to that rule. *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 269; *Scheer v. Keown*, 34 id., 353.

RYAN, C. J.   The motion to vacate the judgment in this case was made at a subsequent term of the court below. And if the court had acquired jurisdiction of the person of the respondent, before judgment, the motion to vacate it came too late, within the rule of *Ætna Ins. Co. v. McCormick*, 20 Wis., 265. If the judgment be prematurely entered up, it would be irregular only, not void; and the irregularity, an error of the court below, which it could not correct at a subsequent term. This question was very fully considered in *Salter v. Hilgen*, decided at this term [*ante*, p. 363]. That case controls this, unless the court below had not acquired jurisdiction over the respondent when the judgment was rendered.

Sec. 12, ch. 124, Tay. Stats., provides for service of a summons and complaint upon a nonresident, by publication and by mail; but that when publication is ordered, " personal service of a copy of the summons and complaint, out of the state, shall be equivalent to publication and deposit in the post office." It is obvious that where such personal service is made, it supersedes the necessity both of publication and of mailing. This is the construction in New York of a similar provision. *Brooklyn Trust Co. v. Bulmer*, 49 N. Y., 84. In this case, there was personal service out of the state, after the order of publication; and the questions whether or when

there was actual publication or mailing are immaterial. No question is made for the respondent upon the showing to the court below of the nonresidence of the respondent, or of his having property in the state liable to the demand of the appellants. And the personal service out of the state, when complete, gave the court below jurisdiction over the respondent, as effectually as similar service within the state. *Jarvis v. Barrett*, 14 Wis., 591.

Whatever time the respondent might have had, after the personal service upon him, to answer the complaint (a question not necessarily involved in this appeal, and on which we indicate no opinion), it is very certain that, in any construction of the statute, the service was complete, at the latest, in six weeks after it was made. *Brooklyn Trust Co. v. Bulmer*, *supra*. That was some time before the judgment was rendered; and the court below had jurisdiction over the respondent, whether the judgment was prematurely taken or not.

*By the Court.* — The order of the court below is reversed.

A motion for a rehearing was denied.