Schobacher vs. Germantown Farmers' Mutual Ins. Co.

| 59 | 86 |
|---|---|
| 77 | 135 |
| 59 | 86 |
| 78 | 79 |
| 59 | 86 |
| 84 | 635 |
| 59 | 86 |
| 93 | 88 |
| 59 | 86 |
| 94 | '119 |
| 59 | 86 |
| 112 | ⁵351 |

SCHOBACHER VS. GERMANTOWN FARMERS' MUTUAL INSURANCE COMPANY.

*November 23 — December 11, 1883.*

PLEADING. *(1) Performance of conditions.*
JUDGMENT. *(2) Entry by clerk, on default. (3) Lack of notice a mere irregularity. (4) When valid judgment may be set aside. (5) Application for relief for mistake, etc., must be within year after notice: what is "notice." (6) When year begins to run.*

1. Performance of conditions precedent in a policy of insurance relating to notice and proofs of loss is sufficiently pleaded by a general allegation of due performance of all the conditions of the insurance. R. S., sec. 2674. Breaches of conditions subsequent are matters of defense and need not be negatived in the complaint.

2. When the summons has been personally served and the complaint is duly verified, the clerk may, upon affidavit of default, enter judgment for the amount demanded in the complaint, without proof, in all actions arising on contract for the recovery of money only, including those in which the damages are not liquidated. R. S., sec. 2891, subd. 1.

3. A judgment upon default entered without notice in a case where the defendant was entitled to notice is not *void* for that reason.

4. A valid judgment cannot be set aside for mere irregularities, after the term at which it was entered, or after the next term where it was entered by the clerk in vacation.

5. A party who wishes to be relieved from a judgment on the ground of mistake, inadvertence, surprise, or excusable neglect should make application within one year after notice of the entry thereof. R. S., sec. 2832. "Notice" does not mean written notice, but simply knowledge of the judgment.

6. The mere fact that the costs were not taxed and were finally waived by the successful party would not prevent the running of the year within which the application to set aside the judgment should be made.

APPEAL from the Circuit Court for *Washington* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was brought upon a policy of insurance against fire, issued by the defendant to the plaintiff for $300 on his dwelling-house, $40 on his furniture, and $60 on his

beds, clothes, and linen. The duly verified, amended complaint alleged, in effect, among other things, that the fire occurred January 7, 1878, and the total loss by fire of the dwelling-house, and the damage by fire of the furniture of $53.75 and to the other property $15, and that such losses, respectively, were not more than two thirds of the actual value of the property insured, and that the plaintiff had duly performed all the conditions of said insurance; and also demanded judgment for $368.75, the aggregate amount of the losses as claimed, with interest thereon from July 28, 1879, and costs. Annexed to this complaint was a copy of the policy.

" The action was commenced by the service of summons, August 14, 1879. The defendant appeared by attorney, and demanded a copy of the complaint, which was served September 4, 1879. To that complaint the defendant interposed a demurrer for insufficiency, October 13, 1879. Subsequently, the complaint was amended by leave of the court, and service of a copy thereof admitted by the defendant's attorneys, May 15, 1880. November 16, 1880, the plaintiff's attorneys having made affidavit of the defendant's default in not serving an answer or demurrer to the amended complaint, judgment was, on motion of the plaintiff's attorneys, entered, wherein it was adjudged that the plaintiff recover of the defendant the sum of $435, the amount claimed by him, and interest, with —— dollars costs and disbursements, amounting in the whole to —— dollars. Dated November 16, 1880, and signed by the clerk.

"The defendant's attorneys having learned of the entry of the judgment, made and delivered to one of the plaintiff's attorneys, November 23, 1880, an answer to said amended complaint, denying, mostly upon information and belief, several of the allegations thereof, which answer was not verified by any of the officers of the defendant, but only by one of its attorneys. January 6, 1882, the plaint-

iff's attorneys filed in the record of the cause an express waiver in writing of all costs in the action. March 1, 1882, an execution was issued on the judgment, and on the same day the plaintiff assigned the judgment to Paul A. Weil, which assignment was filed March 3, 1882, and about the same time the execution was returned with $369.50 made and collected thereon, which, except sheriff's fees, was paid over to said Weil, and March 13, 1882, the defendant, by its officer, voluntarily paid the balance of said judgment ($186.67) to the clerk of said court thereon, which was thereupon paid by said clerk over to said Weil.

" In June, 1882, the defendant gave to the plaintiff's attorneys notice of a motion to be made to the court for an order that said judgment be vacated and set aside, and held for naught; that said Paul A. Weil repay to the defendant the amount that had been collected and paid on the judgment, with interest from March 20, 1882, the same being $455.50; that the defendant have leave to answer, if in default, and that said answer so delivered be allowed to stand as the answer in the case; that the motion would be founded upon the judgment roll, the papers on file in the action, and the affidavits and other papers served with the motion, which affidavits and papers indicated severe sickness on the part of one of the attorneys for the defendant, and a series of mishaps and misunderstandings on the part of the defendant, its officers, agents, and attorneys. The motion subsequently came on to be heard, and the circuit court, by order, denied the same, October 23, 1882, with $10 costs. From that order, and the whole thereof, the defendant appeals."

*Geo. W. Foster*, for the appellant, contended, *inter alia*, that sec. 2891, R. S., applies only where the action has no purpose but to recover money, not where its purpose is to ascertain the amount as well as to recover it. It therefore applies only to cases of liquidated damages. 1 Wait's Pr.,

475, 477; Moak's Van Santv. Pl., 159, 171; *Tuttle v. Smith*, 6 Abb. Pr., 329; 1 Till. & S. Pr., 356–8; Throop's Code, sec. 420, and notes under sec. 422; *Butts v. Collins*, 13 Wend., 139, 156–7; 1 Chitty's Pl., 99, 108–118, 342–6. To apply it where damages have not been liquidated would make a man judge in his own case. It would cut off all defense where the facts alleged could not be denied; for an answer merely denying the amount of damages is not allowed. *Bartelt v. Braunsdorf*, 57 Wis., 1. The affidavit showed that a demurrer had been received. It applied to the amended complaint. *Howell v. Howell*, 15 Wis., 55; *Yates v. French*, 25 id., 661; 3 Chitty's Gen. Pr., 722. An answer was served before the judgment was perfected, the costs not having been taxed or waived, and such answer was retained. The judgment has never been perfected, the costs not having been inserted. *Cord v. Southwell*, 15 Wis., 212; *Smith v. Hart*, 44 id., 230; *McHugh v. C. & N. W. R'y Co.*, 41 id., 79–82. The waiver of costs was intended as a fraud — to keep the defendant asleep. Notice of taxation would awaken him. Besides, costs could no more be waived without notice than they could be so taxed, and it was as necessary to have the waiver inserted in the judgment as to have costs inserted if taxed. 2 Greenl. on Ev., sec. 121. Sec. 2832, R. S., does not apply. *Union Bank v. Bush*, 36 N. Y., 636; *Chichester v. Cande*, 3 Cow., 39, note; *Morgan v. Holladay*, 38 N. Y. Super. Ct., 117.

*W. J. Turner*, for the respondent.

CASSODAY, J. 1. It is urged that the amended complaint fails to state a cause of action, because it does not allege that the written notice and proofs of loss were given in the time and in the manner required by the policy. But we cannot treat the judgment as a nullity under the facts here presented for any such reason. In pleading the performance of conditions precedent in a contract under our statute, it is not

necessary to state the facts showing such performance, but the same may be stated generally, that the party duly performed all the conditions on his part. Sec. 2674, R S.; *Reif v. Paige*, 55 Wis., 502. This general allegation, under that section, was sufficient to cover notice and proofs of loss. *Boardman v. Westchester Fire Ins. Co.*, 54 Wis., 365. All conditions subsequent in the policy were matters of defense, and needed not to be negatived in the complaint. *McDowell v. Laev*, 35 Wis., 172; *Redman v. Ætna Ins. Co.*, 49 Wis., 431; *Cannon v. Home Ins. Co.*, 53 Wis., 591. We must, therefore, for the purposes of this motion at least, treat the complaint as stating a good cause of action.

2. It is urged that, although this is an action arising on contract, yet it is for unliquidated damages, and hence is not " for the recovery of money only," within the meaning of subd. 1, sec. 2891, R. S., and that, therefore, the clerk of the court had no authority to enter judgment for the amount demanded in the complaint upon an affidavit of default, notwithstanding the complaint was duly verified. In *Gorman v. Ball*, 18 Wis., 26, it was held " that judgments entered by the clerk in vacation, under the statutes, are to be held and regarded as the judgments of the court; as much so as though entered in term time." That was an action to recover the price of a reaper and mower, brought upon the contract of purchase. The complaint was not sworn to, and the judgment taken on default before the clerk failed to show an assessment of damages, and it was reversed on writ of error by reason of such failure. But the opinion of PAINE, J., expressly states: " The default does not dispose of the question of damages. If the complaint had been sworn to, it would have done so. But not being sworn to, that still remained as an open question, in the nature of an issue of fact as to the amount due." While that was an " action arising on contract for the recovery of money only," within the meaning of the first clause of that subdivision, yet it

was not "on an instrument for the payment of money only," within the meaning of the last part of that subdivision. *Bonnell v. Gray*, 36 Wis., 578. Under that subdivision, and in cases *ex contractu*, in which the complaint is not verified, the clerk is authorized to assess damages on evidence given before him, the same as the sheriff's jury used to do. *Ibid.* Where the complaint is not verified, "and such action is on an instrument for the *payment* of money only," the instrument itself produced to the clerk is all the evidence required. *Ibid.* But in all "other cases" where the complaint is not verified, and the action arises "on contract for the recovery of money only," the clerk is required to "ascertain and assess the amount which the plaintiff is entitled to recover in the action from his examination *under oath or other proof*, and enter judgment for the amount so assessed."

This distinction in the kind of evidence and proof required by the last part of that subdivision, when the complaint is not verified, between cases where the "action is on an *instrument* for the payment of money only," and "other cases" *ex contractu*, to authorize the clerk to assess the damages, pretty clearly shows that where the summons is personally served, and the complaint is duly verified, the clerk may, on affidavit of default, enter judgment without proof, under the first part of that subdivision, in both classes of cases. It other words, that judgment may be entered by the clerk, on such default, in all "actions arising on contract for the recovery of money only," whenever the summons is personally served or the defendant has appeared, and the complaint is verified. Thus it has been held that an action for the value of medicines and medical services furnished and rendered at defendant's request is an action upon contract for the recovery of money only, within the meaning of that subdivision. *Egan v. Sengpiel*, 46 Wis., 704. With the decisions of this court referred to, it becomes unneces-

Schobacher vs. Germantown Farmers' Mutual Ins. Co.

sary to consult the decisions of other courts, in order to ascertain the meaning of this statute. We are clearly of the opinion that the clerk had jurisdiction, and hence the judgment entered by him was not a nullity.

3. This being so, it becomes unnecessary to consider whether it was regular to take judgment by default, when there was a demurrer pending to the original complaint, or whether the defendant was entitled to such judgment without notice, or whether there were any other irregularities; for, assuming that the practice was irregular, still, the defendant's remedy was not by motion to set aside the judgment, but by writ of error or appeal. It is well settled that a valid judgment cannot be set aside for mere irregularities after the term at which it was entered, nor after the next term where it is entered by the clerk in vacation. *Egan v. Sengpiel, supra; Breed v. Ketchum,* 51 Wis., 164. A judgment upon default, entered without notice, in a case where the defendant is entitled to notice, is not void for that reason. *Ibid.* Where the court has jurisdiction of the parties and the subject matter, a judgment entered as for a default, before the time for answering has expired, is irregular but not void. *Salter v. Hilgen,* 40 Wis., 363.

4. There can be no question but what the judgment was perfected, except as to costs, November 16, 1880. No attempt was made to open the judgment until more than eighteen months after the knowledge of its entry had been brought home to the attorneys for the defendant, and more than three months after the judgment had been assigned to a third party, and a portion of it collected and paid to the assignee, and the balance voluntarily paid to the clerk of the court, and by him paid to the assignee; and then the motion was not actually disposed of until nearly two years after the entry of the judgment. If the defendant wished to be relieved from the judgment through the mistake, inadvertence, surprise, or excusable neglect of any of its officers,

agents, or attorneys, the application should have been made within one year after notice of the entry thereof. Sec. 2832, R. S. Such notice does not mean written notice, but simply knowledge of the judgment. *Butler v. Mitchell*, 17 Wis., 58; *Knox v. Clifford*, .41 Wis., 458. This ·judgment was known to the defendant's attorneys, November 23, 1880. This being the fact, and such being the law, it is plain that the court was powerless, under that statute, to relieve the defendant after the year. *Knox v. Clifford, supra; Whitney v. Karner*, 44 Wis., 563; *McKnight v. Livingston*, 46 Wis., 356; *Breed v. Ketchum, supra*. Besides, it may be very doubtful whether the proposed answer tendered a meritorious defense. The mere fact that the costs were never taxed, and were finally waived by the plaintiff's attorneys, did not prevent the running of the year mentioned in that section of the statute as to the judgment for damages. The privilege of securing the relief provided in that section cannot be indefinitely postponed by the mere failure to tax the costs, nor renewed by the mere waiver of costs.

*By the Court.*— The order of the circuit court is affirmed.