Frankfurth and another vs. Anderson.   Anderson vs. Anderson.

*By the Court.*— It is so ordered.

---

FRANKFURTH and another vs. ANDERSON.
ANDERSON vs. ANDERSON.

*September 6 — September 23, 1884.*

*Judgment by default entered upon insufficient complaint:   Motion to vacate when made.*

1. A judgment as by default entered by the clerk upon a complaint which is imperfectly verified and fails to state a cause of action, is irregular but not *void*.   For purposes of review it will be deemed the judgment of the court and an adjudication that the complaint is sufficient and duly verified.
2. A motion to set aside a judgment for a mere irregularity must be made at the same term, or, if the judgment is entered in vacation, at the next term at which the motion can be heard.

APPEALS from the Circuit Court for *Taylor* County.
Actions to recover the purchase price of goods, wares, and

merchandise sold and delivered to the defendant. The facts sufficiently appear from the opinion.

The causes were submitted for the appellant on the briefs of *J. K. Parish*, and for the respondents on the briefs of *R. B. Salter.*

TAYLOR, J.   In each of the above-entitled cases there is an appeal from the order of the circuit court refusing to set aside the judgments entered therein against the appellant. The judgments were entered by the clerk of the court, upon default of the defendant and without any appearance on his part.

The grounds upon which the appellant moved to set aside the judgments are the following: (1) that the complaint filed in the several actions does not state a cause of action; (2) that the complaints were not properly verified, and the clerk entered judgment without taking any proof of the plaintiffs' claims against the defendant.   The record in each case recites that the defendant was duly personally served with the summons and complaint in the action more than twenty days before the judgments were entered.   And this fact is not disputed, so that the court had jurisdiction of the person of the defendant as well as of the subject matter. Whether the complaint set forth a cause of action, and whether the court had power to enter judgment upon the default of the defendant to answer upon the complaints imperfectly verified (admitting that they were not properly verified), were questions for judicial determination; and although they were in fact to be determined by the clerk, yet for all purposes of review they are to be deemed determined by the court. *Wells v. Morton,* 10 Wis. 473; *Gorman v. Ball,* 18 Wis. 24; *Egan v. Sengpiel,* 46 Wis. 703, 710.   The judgments in the cases were not therefore void, although they may have been irregular. *Jackson v. Astor,* 1 Pin. 137; *Wanzer v. Howland,* 10 Wis. 8; *Falkner v. Guild,* id. 563;

*Tallman v. McCarty,* 11 Wis. 401; *Arnold v. Booth,* 14 Wis. 180; *Gale v. Best,* 20 Wis. 44; *Amory v. Amory,* 26 Wis. 152; *Pier v. Amory,* 40 Wis. 571; *Salter v. Hilgen,* id. 363.

In *Tallman v. McCarty, supra,* this court says: "No order which a court is empowered to make under any circumstances in the course of a proceeding over which it has jurisdiction can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law or the previous state of the case. The only question in such case is, Had the court or tribunal the power, *under any circumstances,* to make the order or perform the act? If this be answered in the affirmative then its decision upon *those circumstances* becomes final and conclusive, until reversed by a direct proceeding for that purpose." This is undoubtedly the rule of law applicable to all judicial proceedings; and treating the judgments entered in these cases as the judgments of the circuit court, as they must be treated, it is clear the judgments entered are not void, although they may have been irregularly entered.

The judgments not being void, the rule is well established in this court that the motion to set the same aside must be made at the first opportunity. Where an order or judgment is made in term time, the motion to set it aside must be made at the same term when made for any error of the judge or court in entering the same; and when made out of term it must be made at the next term at which the motion can be heard. *Egan v. Sengpiel,* 46 Wis. 703, 706; *Jenkins v. Esterly,* 24 Wis. 340; *Ætna Ins. Co. v. McCormick,* 20 Wis. 265. This rule has been strictly enforced in all cases where the motion to set aside the judgment is based merely upon the irregularity in the entry thereof, without showing any meritorious defense or excuse for the default on the part of the moving party.

In the cases at bar there was a term of court in Waushara county, at which these motions could have been made and

heard after the judgments were entered and the defendant had notice thereof. See .sec. 2424, R. S. 1878, and ch. 68, Laws of 1883. As no excuse was shown for not making the motions at such term, we are of the opinion that the circuit court properly denied the motions, for the reason that they were made too late.

*By the Court.*— The order appealed from in each case is affirmed, with costs.