F. Mayer Boot & Shoe Co. vs. Falk and another.

F. MAYER BOOT & SHOE COMPANY, Appellant, vs. FALK, Administrator, and another, Respondents.

*December 15, 1894 — January 8, 1895.*

*Judgment by confession: Sufficiency of affidavit: Collateral attack: When judgment set aside.*

1. The determination by the court commissioner signing a judgment by confession that the affidavit annexed to the complaint was sufficient, is, for all purposes of review, a determination by the court, and it cannot be attacked in a collateral action.
2. Even if the affidavit in such case was insufficient, the judgment is not void, but only voidable, and will not be set aside in the absence of equities.
3. Other creditors are in no better position to take advantage of the error than the judgment debtor himself.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The defendant *Falk* was a creditor of one C. T. Horneffer. He held a judgment note representing his claim. He entered judgment on his note, issued execution on his judgment, and had it levied upon his debtor's entire stock in trade. The plaintiff was also a creditor of Horneffer. Subsequent to the levy of the defendant's execution he attached the same goods in an action on his claim. He now brings this action to have the defendant's judgment on his judgment note, and the levy under it, adjudged to be entirely null and void as against his subsequent attachment, for want of compliance with the statute in entering the judgment. The defect in the proceedings which is complained of is that the affidavit annexed to the complaint is founded on information merely, and not upon knowledge. There was a general demurrer to the complaint, which was sustained, and the plaintiff appeals.

For the appellant there was a brief signed by *Francis*

F. Mayer Boot & Shoe Co. vs. Falk and another.

*Bloodgood*, of counsel, and *Bloodgood, Bloodgood & Kemper*, attorneys, and a separate brief and oral argument by *Francis Bloodgood*.

For the respondents there was a brief by *Paul D. Carpenter*, attorney, and *Eschweiler & Carpenter*, of counsel, and oral argument by *Paul D. Carpenter*.

NEWMAN, J. · No doubt, the question whether the affidavit was sufficient to authorize the entry of judgment was a question for judicial determination; and although it was to be determined by a court commissioner, yet for all purposes of review it is to be deemed to have been determined by the court. It cannot be attacked in a collateral action, but only in a direct proceeding. *Frankfurth v. Anderson*, 61 Wis. 107. It seems to be well settled that even if the affidavit which is attached to the complaint on which judgment is confessed, under sec. 2896, R. S., is defective and insufficient under that section, yet the judgment is not void, but only voidable, and that in the absence of equities on the part of the debtor it will not even be set aside on motion, and that creditors are in no better position to take advantage of the error than is the debtor himself. *Rogers v. Cherrier*, 75 Wis. 54; *Marshall & Ilsley Bank v. Milwaukee Worsted Mills*, 84 Wis. 23; *Horning v. E. Griesbach Brewing Co.* 84 Wis. 71. These decisions seem to cover amply all the questions in the case.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.