SPENCER, Respondent, vs. OSBERG, Appellant.

*January 29—February 18, 1913.*

*Jurisdiction: General appearance: Waiver of defects in summons or
service thereof: Judgment by default: Power of clerk to enter:
Reversal on appeal: Opening default on terms.*

1. A defendant who, without specifying that he appears specially
   for that purpose, moves to vacate a judgment against him by
   default, thereby appears generally in the action and is not
   entitled to have the judgment vacated on the ground that he
   has not been served with a summons.
2. The clerk of the circuit court has no authority under sec. 2891,
   Stats., to enter judgment on failure to answer in an action not
   "arising on contract for the recovery of money only."
3. A judgment entered by the clerk in defiance of the provisions of
   sec. 2891, Stats., will be reversed, even upon a general appeal
   from the whole judgment.
4. A default judgment being reversed with directions to the court
   below to vacate it as null and void because entered by the
   clerk without authority, and it appearing that defendant's neg-
   ligence seasonably to take proper steps to be relieved from his
   default was due to mistakes of his attorney, the court below is
   directed to open the default and permit him to answer upon
   such terms as may be just.

APPEAL from a judgment and orders of the circuit court
for Washburn county: FRANK A. ROSS, Circuit Judge.
*Judgment and one order reversed; one order affirmed.*

The verified complaint in this action alleges that on Jan-
uary 6, 1911, the defendant seized and took into his posses-
sion certain personal property belonging to the plaintiff of
the value of $1,023; that at the time the plaintiff was in-
debted to the defendant in the sum of $290.25; and that
there was then due the plaintiff the difference between the
value of the property converted and the sum due the defend-
ant, $732.75.

For a second cause of action it is alleged that at the time
the defendant seized and took into his possession the prop-
erty mentioned in the first cause of action the defendant

claimed to have a chattel mortgage upon the same, but that he took and converted to his own use other personal property belonging to the plaintiff and not embraced in the mortgage, of the alleged value of $52.

For a third cause of action it is alleged that on October 6, 1909, the plaintiff purchased from the defendant certain personal property, together with the lease of a certain livery barn in the city of New Auburn and the right of a lease of the livery barn for a number of years. It is alleged that the defendant claimed that the rent for the livery barn was paid for two months from the time of sale and that the defendant promised to assign and deliver to the plaintiff the lease embraced in the sale. It is further alleged that the rent was not paid for the two months, that the plaintiff was compelled to pay $40 as the rent for these two months, and that the defendant has neglected and refused to make and deliver an assignment of the lease; that the plaintiff at the end of two months was compelled to vacate the barn; that she was unable to lease another barn in the city of New Auburn; and that the plaintiff by reason of defendant's failure to assign the lease suffered damages in the sum of $500. Damages are demanded in the aggregate of these various sums, amounting to $1,324.75, and for her costs and disbursements.

It appears that the summons and complaint were filed on May 1, 1911, that no defense was made, and that judgment on defendant's default was awarded and signed by the clerk of the circuit court for Washburn county on that day. It also appears that the defendant had notice of the entry of the judgment on May 6, 1911.

On June 6, 1911, on an order to show cause which had been served, the defendant moved to vacate the judgment. This motion was denied on the ground that the defendant, by not specifying that he appeared specially in moving to vacate the judgment, had appeared generally in the action and thus waived the alleged irregularity.

On February 21, 1912, defendant made another motion to vacate the judgment and to be allowed to defend, which motion was based on a proposed verified answer and affidavits. This motion was denied on the ground that the motion had been unreasonably delayed.

The answer and affidavits, on which this motion for vacating the judgment and for allowing the defendant to appear and defend were based, show that the summons served was not signed, that no copy of the complaint was served with the summons, that no place was specified where a copy of the complaint could be procured, that the summons was served on the defendant while he was in attendance on court in Washburn county, of which county he was not a resident, in an action wherein he was plaintiff and the plaintiff was defendant, that that action embraced the subject of the present action, that the defendant had taken into his possession the property which is mentioned in the first cause of action under a chattel mortgage mentioned in the second cause of action, that he took only such property as was covered by the mortgage, that the value of the property was fixed by the jury in that action, wherein he was the plaintiff, and that the property was sold, pursuant to the judgment in that case, for an amount which covered the amount due and the costs of the action, and that he was advised by his attorney that the summons served upon him in this action was invalid and for that reason he disregarded it.

The defendant appeals from the judgment rendered against him and from the orders refusing to vacate the judgment and allowing him to defend.

*A. L. Bugbee,* of counsel, for the appellant.

*L. H. Mead,* for the respondent.

SIEBECKER, J. The effect of the steps taken by the defendant in moving for a vacation of the judgment on the motion made June 6, 1911, was correctly determined by the cir-

cuit court, in holding that it amounted to a general appearance in the action, and hence that the defendant was not entitled to have this judgment vacated on the ground then averred, namely, that he had not been served with a summons in the action. See sec. 2643, Stats.; *Anderson v. Coburn,* 27 Wis. 558; *Gray v. Gates,* 37 Wis. 614; *Coad v. Coad,* 41 Wis. 23; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809.

The defendant appeals from the judgment and contends that it should be reversed upon the ground that the clerk of the circuit court awarded judgment in defiance of the provisions of sec. 2891, Stats., which provides that "Judgment may be had if the defendant fail to answer the complaint . . . (1) In any action arising on contract for the recovery of money only . . ." upon proper proof of due service and defendant's failure to answer or demur in the action. An inspection of the plaintiff's complaint shows clearly that she has alleged no cause of action "arising on contract for the recovery of money only," and hence the clerk had no authority, under the power conferred on him by this statute, to enter judgment in the action upon a showing that the defendant had not demurred to or answered the complaint. The allegations of the complaint constitute in substance a claim for damages resulting from defendant's illegal taking and converting to his own use plaintiff's personal property and for a failure to specifically perform an agreement for the transfer of a lease, and are in no sense actions "arising on contract for the recovery of money only." The causes of action alleged are in tort, in the nature of trover for a conversion of property, and a claim for damages resulting from a breach of an agreement in failing to transfer a lease, and for misrepresentation as to the amount paid on the rent reserved therein. It is manifest from the context of sec. 2891 that no power is conferred on the clerk to enter judgment for the amount demanded in the complaint in this action, and

hence the judgment entered by him is invalid and cannot stand.    A judgment entered by the clerk in defiance of the provisions of sec. 2891 will be reversed on appeal, and this must follow where there is an appeal from the whole judgment.    *Zimmerman v. Gerdes,* 106 Wis. 608, 82 N. W. 532; *Rockman v. Ackerman,* 109 Wis. 639, 85 N. W. 491.

Since the judgment must be vacated and since it appears that the appellant, through reliance on the mistakes of his counsel, neglected to take the proper steps in due time to obtain relief from his default in appearing and answering in the matter, he is entitled, upon the records and proceedings, upon the motion made February 21, 1912, to be relieved against his default in not answering and to be permitted to interpose the proposed answer in the action.    *Wicke v. Lake,* 21 Wis. 410; *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870.

The judgment appealed from must be reversed, and the cause remanded to the circuit court with directions to vacate the same as null and void.    Of the two orders appealed from, the one entered June 17, 1911, must be affirmed, and the one entered March 11, 1912, must be reversed, and the court should enter an order to open defendant's default for failure to answer the complaint and permit him to interpose the proposed answer to the complaint, upon such terms as the court may deem just.

*By the Court.*—It is so ordered.