WISCONSIN PUBLIC SERVICE CORPORATION, Plaintiff-Respondent,

v.

Fred KRIST, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–250. Argued October 6, 1981.—Decided November 3, 1981.*

(Also reported in 311 N.W.2d 624.)

For the petitioner there were briefs by *James J. Pauly* and *Borgelt, Powell, Peterson & Frauen, S.C.*, of Milwaukee, and oral argument by *Mr. Pauly*.

For the plaintiff-respondent there was a brief by *Eugene C. Daly, David A. Baker* and *Foley & Lardner*, of Milwaukee, and oral argument by *Mr. Daly*.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed January 27, 1981, which affirms an order of the circuit court for Door county, Edwin C. Stephan, circuit judge. The circuit court denied Fred Krist's motion to vacate a default judgment which had been entered against him. We affirm the decision of the court of appeals.

The principal issue posed on review is whether a default judgment entered by the clerk of court is void if the circuit court has jurisdiction of the person and of the subject matter but the action is not on express contract for the recovery of a liquidated amount of money.[1] We hold that the default judgment is not void. Accordingly we do not reach the second question posed on re-

---

[1] Although this issue of law was presented to the circuit court and to the court of appeals, neither court addressed it.

view, namely whether there is a limited time period during which a motion to vacate a void judgment must be made. We further hold that the circuit court did not abuse its discretion in holding that Krist's motion to vacate the judgment was not filed timely.

The facts which give rise to this issue are not in dispute. On November 16, 1976, Wisconsin Public Service Corporation (WPSC) commenced an action against Krist for the recovery of amounts due for electrical services during the years 1970–1975 for which the WPSC had allegedly not fully charged Krist. In July 1978, WPSC sought a voluntary dismissal of the action without prejudice pursuant to the parties' agreement that if WPSC recommenced the action, the action would start on or before November 17, 1978.

In October 1978, WPSC commenced the action which is the subject of this review. When Krist was served with the summons and complaint in this second action, he forwarded the documents to his attorney, a Mr. Gower, who had represented him in the prior action.

On November 17, 1978, after the time for answering had expired, WPSC forwarded to the clerk of court a default judgment which had been prepared for the clerk's signature and an affidavit stating that Krist had been duly served, that Krist had not filed an answer, and that Krist was in default.

On November 22, 1978, Attorney Gower filed a notice of appearance on behalf of Krist. On November 24, 1978, the clerk of courts entered a default judgment against Krist in the amount of $39,769.43 together with costs and prejudgment interest of $6,284.87. On November 27, 1978, attorneys for WPSC forwarded to Attorney Gower a notice of entry of the default judgment, and on November 30, 1978, Attorney Gower called the attorneys for WPSC and requested that the default judgment be opened. WPSC agreed to open the judgment if Attorney Gower would draft the necessary stipulation.

Attorney Gower neither sent WPSC a stipulation nor filed an answer.

Sometime prior to January 17, 1979, WPSC began a garnishment action against Krist. Krist asserts that he first learned that the default judgment had been entered against him when his bank accounts were frozen. Krist agreed to pay WPSC $46,000 in installments if his bank accounts were released. Krist's accounts were released, and Krist paid a first installment of $16,000 on or about January 25, 1979, "under protest."

On or about October 26, 1979, some ten months after he learned of the entry of the default judgment, Krist filed a motion to reopen or vacate the default judgment pursuant to sec. 806.07, Stats. 1979–80.[2] On November

[2] Sec. 806.07, Stats. 1979–80, provides as follows:

"806.07 **Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

"(a) Mistake, inadvertence, surprise, or excusable neglect;

"(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15 (3);

"(c) Fraud, misrepresentation, or other misconduct of an adverse party;

"(d) The judgment is void;

"(e) The judgment has been satisfied, released or discharged;

"(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

"(g) It is no longer equitable that the judgment should have prospective application; or

"(h) Any other reasons justifying relief from the operation of the judgment.

"(2) The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1) (b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court."

12, 1979, the circuit court denied Krist's motion on the grounds that the motion had not been timely filed, and on February 12, 1980, the circuit court denied Krist's motion to reconsider the denial. Between the denial of the motion to reopen or vacate and the denial of the motion to reconsider, the circuit court and the parties discussed the possibility of reopening the judgment for the limited purpose of allowing proof of damages. However, no such limited reopening of the judgment took place.

The court of appeals affirmed the order of the circuit court, holding that the circuit court had not abused its discretion in refusing to reopen or vacate the default judgment.

On review Krist submits that the threshold question is not whether his motion to vacate was timely made but rather whether the default judgment is void. If the judgment is void, Krist contends that the circuit court is duty bound as a matter of law to vacate the void judgment regardless of the timeliness of the motion.[3] Krist argues that the judgment entered by the

---

[3] Relying on prior cases of this court, Krist argues that a void judgment can be challenged at any time. In *Federal Land Bank v. Olson*, 239 Wis. 448, 454, 1 N.W.2d 752 (1942), this court said that "If the defect is such as to render the judgment void it is of course subject to be stricken from the record at any time for that reason." *See also Kohler Co. v. DILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977). In *West v. West*, 82 Wis. 2d 158, 165–166, 262 N.W.2d 87 (1978), the court discussed the application of sec. 269.46(1), Stats. 1973, the precursor of sec. 806.07, to void judgments. Sec. 269.46(1), Stats. 1973, provided as follows:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

clerk of court is void because the circumstances under which a clerk is statutorily empowered to enter a default judgment are not present in the case at bar.

Explaining that sec. 269.46(1) had no application to a void judgment, the court in *West* said: "Sec. 269.46(1) presupposes the entry of a valid judgment which may, under some circumstances, in the discretion of the trial judge, be set aside in the interest of justice. It has nothing whatsoever to do with the vacation of a void judgment . . . accordingly sec. 269.46(1) is irrelevant where a void judgment is claimed. As a consequence, the one-year time limitation for relief under sec. 269.46(1) is inapplicable. . . . A void judgment may be expunged by a court at any time."

Sec. 269.46 differs from sec. 806.07 in that the latter provision includes as a ground for moving to reopen the judgment "within a reasonable time" that "the judgment is void." One commentator, in discussing Rule 60(b) of the Federal Rules of Civil Procedure, upon which sec. 806.07 is modeled, wrote as follows as to the time period during which a void judgment may be set aside:

"A void judgment is something very different than a valid judgment. The void judgment creates no binding obligation upon the parties . . . the judgment may also be set aside under 60(b)(4) within a 'reasonable time,' which, as here applied, means generally no time limit." 7 Moore's *Federal Practice* 2d (1981) Para. 60.25[2] at 300–01.

WPSC argued that if sec. 806.07 is construed to allow challenges to void judgments without any limitations in time, the definition of a void judgment must be narrowly drawn. As WPSC correctly points out, "the policies favoring finality and certainty of judgments mandates that the concept of voidness be suitably restricted to instances where the rendering court lacked jurisdiction in one of the fundamental senses and not include claims of procedural irregularities. Any other result would encourage challenges to settled matters based on technical grounds long since forgotten." Respondent's brief at 4.

For a comparison of sec. 806.07, Stats. 1979–80, and former sec. 269.46, Stats. 1973, *see* Graczyk, *The New Wisconsin Rules of Civil Procedure*, 59 Marq. L. Rev. 671, 726–727 (1976).

Because we hold that the judgment here is not void, we do not decide whether a motion to set aside a void judgment must be brought within a reasonable time.

Sec. 806.02(4), Stats. 1979–80, sets forth the circumstances under which the clerk of court shall render and enter a default judgment without a court order. The statute provides that upon the plaintiff's filing specified documents the clerk of court shall render and enter a default judgment in an action on express contract for recovery of a liquidated amount of money only. Sec. 806.02(4), Stats. 1979–80, states as follows:

"In an action on express contract for recovery of a liquidated amount of money only, the plaintiff may file with the clerk the complaint, proof of personal service of the summons on one or more of the defendants and an affidavit that the defendant is in default for failure to join issue. The clerk shall render and enter judgment against the defendants who are in default for the amount demanded in the complaint. Leaving the summons at the abode of a defendant is not personal service within the meaning of this subsection."

In their briefs and at oral argument the parties dispute whether the action in the case at bar is on an express contract or for unjust enrichment and whether the action is for recovery of a liquidated amount of money only. This court cannot decide these questions, because the answers to these questions do not affect the result without a more complete record than the one before the court, and this court need not decide these questions. Assuming without deciding that WPSC's action is not an action on express contract for recovery of a liquidated amount of money, we conclude that the default judgment, although irregular *i.e.,* erroneously entered, is not void and that in the case at bar the default judgment was not challenged in a timely fashion either by appeal or by a motion to vacate as provided in sec. 806.07, Stats. 1979–80.

This is not the first case presented to this court challenging a default judgment entered by a clerk when,

for one reason or other, the conditions prescribed by statute under which the clerk may enter a judgment have not been satisfied.[4] The leading case is *Frankfurth v. Anderson*, 61 Wis. 107, 20 N.W. 662 (1884). The defendant in that case sought to set aside a default judgment entered by the clerk claiming that, contrary to the statutes,[5] the complaint was not properly verified and failed to state a cause of action and the clerk failed to require the proving up of the claims. This court, holding the default judgment irregular but not void, affirmed the order of the trial court refusing to set aside the judgment.

Krist attempts to distinguish *Frankfurth* on the

---

[4] For cases in other jurisdictions dealing with this issue, *see* Annot., *Validity, Construction and Application of Statutes Providing for Entry of Default Judgment by Clerk Without Intervention of Court or Judge*, 158 ALR 1091 (1945).

[5] The statute applicable in *Frankfurth* is similar to that applicable in the instant case:

"SECTION 2891. Judgment may be had if the defendant fail to answer the complaint, as follows:

"1. In any action arising on contract for the recovery of money only, the plaintiff may file with the clerk, with the summons and complaint, proof of personal service of the summons on one or more of the defendants, and that no answer or demurrer has been received, or if any such has been received, that the same has been struck out by order of the court or a judge, and that no other answer or demurrer has been received, and the time granted by any order therefor has expired. If the complaint be duly verified, the clerk shall thereupon enter judgment for the amount demanded in the complaint against such defendant or defendants, or against one or more of the several defendants in the cases provided for in section two thousand eight hundred and eighty four. But if the complaint be not duly verified, and such action is on an instrument for the payment of money only, the clerk, on its production to him, shall assess the amount due to the plaintiff thereon; and in other cases shall ascertain and assess the amount which the plaintiff is entitled to recover in the action from his examination under oath, or other proof, and enter the judgment for the amount so assessed. In case the defendant shall have appeared in the action, he shall 'be entitled to five days' notice of the time and place of such assessment." Sec. 2891(1), Stats. 1878.

ground that the defects in that case were qualitatively different, that is, less serious than the defects in the case at bar. We are not persuaded that the statute setting forth the requirements for the entry of default judgment by the clerk admits of such a distinction. We conclude that the error asserted by Krist is substantially similar to the error found in *Frankfurth* to be an insufficient basis for declaring the judgment void. Although in *Frankfurth* the defendant did not assert that the action was not one on contract for the recovery of money only, the principles laid down in that case apply with equal force to the case at bar.

In concluding that a judgment entered erroneously by the clerk was not void, the court in *Frankfurth* reasoned as follows:

"The court had jurisdiction of the person of the defendant as well as of the subject matter. Whether the complaint set forth a cause of action, and whether the court had power to enter judgment upon the default of the defendant to answer upon the complaints imperfectly verified (admitting that they were not properly verified), were questions for judicial determination; and although they were in fact to be determined by the clerk, yet for all purposes of review they are to be deemed determined by the court. *Wells v. Morton,* 10 Wis. 473; *Gorman v. Ball,* 18 Wis. 24; *Egan v. Sengpiel,* 46 Wis. 703, 710. The judgments in the cases were not therefore void, although they may have been irregular. *Jackson v. Astor,* 1 Pin. 137; *Wanzer v. Howland,* 10 Wis. 8; *Falkner v. Guild,* id. 563; *Tallman v. McCarty,* 11 Wis. 401; *Arnold v. Booth,* 14 Wis. 180; *Gale v. Best,* 20 Wis. 44; *Amory v. Amory,* 26 Wis. 152; *Pier v. Amory,* 40 Wis. 571; *Salter v. Hilgen,* id. 363." *Frankfurth v. Anderson,* 61 Wis. 107, 108, 20 N.W. 662 (1884).

*See also Schobacher v. Germantown Farmers' Mutual Ins. Co.,* 59 Wis. 86, 17 N.W. 969 (1883) (entry of default prior to expiration of answer time not void); *Glassner v. Medical Realty, Inc.,* 22 Wis. 2d 344, 126 N.W.2d 68 (1964) (judgment entered by clerk without giving statutory notice to defendant not void).

*Frankfurth* sets forth several important principles which govern this case. First, the *Frankfurth* court made clear that the actions of the clerk in entering a default judgment are the actions of the circuit court. The court reasoned that the clerk is an arm of the court and consequently even if the court is not actively involved in the process, the judgment entered by the clerk is the judgment of the court. The *Frankfurth* court thus followed a principle previously set down in *Wells v. Morton,* 10 Wis. 412, (*468) 417 (1860), that "the judgment, though in fact entered by the clerk, is, in consideration of the law . . . the act and determination of the court." *See also Gorman v. Ball,* 18 Wis. 29 (*24), 31 (*26) (1864).

A corollary of viewing the entry of judgment by the clerk as an act of the court is that the clerk's errors in the entry of the default judgment are deemed to be errors of the court. *Cf. F. Mayer Boot & Shoe Co. v. Falk,* 89 Wis. 216, 61 N.W. 562 (1895) (analogizes court commissioner's role to that of clerk).

The final principle to be derived from the *Frankfurth* decision is that errors of the court do not generally render a judgment void so long as the court which renders the judgment has jurisdiction of the person of the defendant as well as of the subject matter.[6] In both *Frankfurth* and in the instant case the circuit court had jurisdiction of the person of the defendant and had subject matter jurisdiction. The parties do not dispute the jurisdiction of the circuit court to enter a default judgment.[7] In effect Krist's contention is that there were

---

[6] "Where the court has jurisdiction of the parties and the subject matter, a judgment entered as for a default, before the time for answering has expired, is irregular but not void." *Schobacher v. Germantown Farmers' Mutual Ins. Co.,* 59 Wis. 86, 92, 17 N.W. 969 (1883).

[7] Krist does argue that he appeared in the action and that under sec. 806.02(1), Stats. 1979–80, he was entitled to notice prior to entry of the judgment. Krist's appearance was his attorney's

two ways the judgment could have been entered—by the court itself or by the clerk—and that the wrong procedure was followed in the case at bar.

By entering the default judgment the clerk implicitly determined that WPSC's claim was based on express contract for recovery of a liquidated amount of money only, *i.e.* that the claim fit within the statute granting the clerk authority to enter a default judgment. That implicit determination, whether or not erroneous, was a determination by the clerk of his or her own power. It is a well-accepted doctrine that a court has jurisdiction to determine its own powers. *Stoll v. Gottlieb,* 305 U.S. 165 (1938); *F. Mayer Boot & Shoe Co.,* 89 Wis. 216, 61 N.W. 562 (1895). When the court makes a determination of its own powers, the determination may be erroneous but a judgment based on the erroneous determination is not necessarily void. Thus in *Frankfurth* and in the instant case, while the clerk (now viewed as the court) erred in determining that the clerk had power to enter the judgment and the judgment may be irregular *i.e.,* erroneously entered and reversible on appeal, the judgment based on the error is not void absent a gross usurpation of power by the clerk or the court. 7 Moore's *Federal Practice* 2d (1981) Para 60.25 [2d] at 306.

Our conclusion that the default judgment in the case at bar may be irregular but not void comports with

filing a notice of appearance after the time to answer had expired and after WPSC's attorneys had submitted the default judgment to the clerk. Even if we were to hold that Krist was entitled to notice, and we do not so hold, this court has previously held that the failure to give notice is not a jurisdictional defect which would render the judgment void. *Federal Land Bank v. Olson,* 239 Wis. 448, 451, 1 .N.W.2d 752 (1942); *Glassner v. Medical Realty, Inc.,* 22 Wis. 2d 344, 349, 126 N.W.2d 68 (1964); *Maier Const. Inc. v. Ryan,* 81 Wis. 2d 463, 471, 260 N.W.2d 700 (1978). *See also* 7 Moore's *Federal Practice* 2d Para 60.25[2] at 311 (1981).

the principle that a judgment ought to be final when there has been fair opportunity to litigate and with the legislative policy underlying the statute authorizing the clerk to enter default judgments. The purpose of sec. 806.07 is to screen out default judgments that do not require judicial decision making and to have these judgments handled by the clerk. This court explained this policy in *Wells v. Morton,* 10 Wis. 412 (*468), 415–17 (*471–73) (1860), as follows:

"Our courts have quite enough to do in the management and conducting of real controversies between parties litigant, without being troubled with the oversight and direction of matters about which there is no dispute, and upon which there is no opportunity for the exercise of a judicial discretion. The same rule which would operate to compel the judge or court to command or direct the entry of judgment in such cases, if carried to its logical result, would likewise compel him personally to direct the whole business of the action; and we would thus be brought back to the most ancient practice, when all of the important proceedings of process, appearance, pleadings, orders, judgment, and execution, were conducted in *open court,* and in the immediate presence of the judges and parties. . . .

". . .

"Upon this theory, or supposition, the objection that these provisions transfer to or vest in the clerk judicial powers, is entirely removed. The judgment, though in fact entered by the clerk, is, in the consideration of the law, what it purports on its face to be; the act and determination of the court itself. . . ."

If the clerk's error could render the judgment void, the value of sec. 806.07 in reducing the judge's workload would be diminished.

We conclude, notwithstanding Krist's attempts to distinguish *Frankfurth* and Krist's reliance on *Spencer v. Osberg,* 152 Wis. 399, 140 N.W. 67 (1913), that *Frankfurth* should be followed.[8] In *Spencer* the defendant ap-

[8] Krist's reliance on *United States v. Melichar,* 56 FRD 49 (E.D. Wis. 1972) is also misplaced. The district court did not

pealed from the default judgment rendered against him on the ground that the action was a tort action and the clerk's power to enter judgment was limited to actions on contract and for the recovery of money only. The *Spencer* court characterized the judgment as both "invalid" and "void," apparently using the terms interchangeably,[9] and held that the judgment entered by the clerk contrary to the statute will be reversed on appeal. The court explained:

"It is manifest from the context of sec. 2891 [a predecessor statute to sec. 806.07(4)] that no power is conferred on the clerk to enter judgment for the amount demanded in the complaint in this action, and hence the judgment entered by him is *invalid* and cannot stand. A judgment entered by the clerk in defiance of the provisions of sec. 2891 will be *reversed on appeal* . . . .

"The judgment *appealed* from must be reversed, and the cause remanded to the circuit court with directions to vacate the same as *null and void.*" 152 Wis. at 402–03 (Emphasis added.)

Krist interprets *Spencer* as holding a judgment void when entered by a clerk in a tort action in excess of his

specifically hold void the default judgment which was improperly entered by the clerk. The court referred to the judgment as "improper" but did not state whether it was acting under FRCP 60(b)(4) (dealing with void judgments) or FRCP 60(b)(6) which authorizes the district court in the exercise of sound discretion to relieve a party from a judgment for "any other reason justifying relief." The only time limitation in FRCP 60(b)(6) is that the motion be made within a reasonable time. The court in *Melichar* could well have decided within its discretion that the motion, even though made two years after judgment, was timely.

Litigants and clerks should, of course, be on notice that if they doubt whether the clerk has authority to render and enter the judgment, the matter should be directed to the court.

[9] Courts do not always use the words void, invalid, irregular or erroneous carefully. For a discussion of void judgments and erroneous judgments, *see* Restatement of Judgments secs. 5–11 (1942); Restatement (Second) of Judgments chs. 2, 5 (Tent. Draft No. 5, 3/10/78, Tent. Draft No. 6, 2/10/79); 7 Moore's *Federal Practice* 2d Para 60.25[2] (1981); 11 Wright & Miller, *Federal Practice and Procedure, Civil* 2862 (1973).

or her statutory authority. We do not read the *Spencer* case as Krist does. *Spencer* is not inconsistent with *Frankfurth* or our holding in the instant case. In *Spencer* the court held that an erroneous judgment may be reversed on appeal, a conclusion with which we agree. In *Frankfurth* and in the instant case the erroneous judgment was not attacked on appeal but by motion.

This court will not reverse a trial court's decision on a motion to vacate a default judgment which is irregular but not void unless the trial court abused its discretion. *Rhodes v. Terry,* 91 Wis. 2d 165, 176, 280 N.W.2d 248, 251 (1979).

Krist's motion to open the judgment which may have been irregular but not void was grounded on "excusable neglect" pursuant to sec. 806.07(1)(a), Stats. 1979–80. Sec. 806.07(2) requires that the motion be brought in a timely fashion and in any event not more than one year after the judgment was entered if the motion for opening the judgment is based on excusable neglect. That Krist's motion was brought within one year of the judgment does not render the motion timely. *Rhodes v. Terry,* 91 Wis. 2d 165, 173, 280 N.W.2d 248 (1979).

The circuit court denied the motion because it was untimely and set forth its reasoning as follows:

"The facts in this case demonstrate gross negligence on the part of defendant's counsel. I need not reiterate the precise acts of negligence. In any event, it is apparent that defendant may very well have been totally innocent of the inaction by his counsel. If defendant, after learning of the inaction and the results of the inaction would have immediately applied to set aside the judgment, it may have presented a fact situation entitling defendant to relief.

"However, in this case, after learning of the judgment and the subsequent garnishment, defendant entered into negotiations with plaintiff's counsel and settled his differences. He agreed to pay, in installments, the amount

owed, less some discount in return for dismissal of the garnishment. Then nine months later he filed a motion for setting aside the judgment. In the opinion of this court, this is not a reasonable time as required by Section 806.07."

To find an abuse of discretion an appellate court must find either that discretion was not exercised or that there was no reasonable basis for the trial court's decision. *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W. 2d 512 (1971). It is clear from this record (which both this court and the court of appeals have reviewed) that the circuit court exercised its discretion and set forth a reasonable basis for its decision.

While we recognize that sec. 806.07 is remedial in nature; that the law prefers, whenever reasonably possible, to afford litigants their day in court; and that default judgments are not favored in the law, we find no abuse of discretion on the part of the circuit court in denying Krist's motion to reopen or vacate the default judgment entered against him.

For the reasons set forth we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.