# BREED vs. KETCHUM, imp.

*November 30, 1880 — February 8, 1881.*

APPEAL TO SUPREME COURT. *(1) What reviewable on appeal from order. (2) What record on appeal must show.*

PRACTICE. *(3-5) Vacating judgment for new trial.*

1. On appeal from an *order*, this court has no authority to review a *prior* order.
2. On appeal from an order refusing to vacate a judgment for a new trial, the record should show all the facts necessary to satisfy this court affirmatively that the order was an abuse of discretion.
3. After the term of judgment, the circuit court cannot set aside a valid judgment for error committed by the court in rendering it.
4. Under sec. 2832, R. S., which empowers the court, within one year after notice of a judgment, to relieve a party therefrom on the ground of surprise, etc., the fact that the party was *surprised by a ruling of the court* refusing to continue the cause on his motion, is not sufficient.
5. Where a defendant moved to vacate a judgment against him, and grant a new trial, on the ground of excusable neglect in his failing to be present and produce his evidence at the trial, and the only evidence which he showed himself able to produce, in case of a new trial, is entirely consistent with the correctness of the judgment, and the record on his appeal does not show the evidence on which the judgment rests, an order refusing a new trial is affirmed.

APPEAL from the Circuit Court for *Winnebago* County.

The defendant *Henry Ketchum* appealed from an order denying his motion to vacate the judgment against him in the action and for a new trial. The record returned here does not contain the pleadings or judgment, or any proceedings in the cause before the motion for a new trial was made; but it may be gathered from the briefs of the respective counsel, that the action was brought to foreclose a mortgage dated February 25, 1876, executed by the defendants Horace A. Rich, John W. Stillman and Martin Rich, to the plaintiff, to secure the payment of $5,000 and interest. In addition to the usual averments in such actions, the complaint alleges that on or about March 22, 1876, the said mortgagors bargained and sold the said mortgaged premises to the defendant G. M. Wakefield, and,

as a part of the purchase money thereof, said Wakefield promised to pay said mortgage, and the whole thereof; and that afterwards the said Wakefield sold said premises to the defendant *Henry Ketchum*, who, as parcel of the purchase money, undertook to assume and pay said mortgage.

The appellant demurred to the complaint. The demurrer was held frivolous, and judgment of foreclosure was entered in the action October 29, 1877. The judgment fixes the liability of the defendant Wakefield and the appellant for any deficiency. The mortgaged premises were sold in January, 1879, under the judgment, and the sale was duly confirmed on the 18th of the next month. The proceeds of the sale were insufficient to pay the mortgage debt, and the deficiency was large. After the sale, and a few days before confirmation, the appellant moved the court to vacate the judgment against him. The court permitted him to answer, but let the judgment stand. He thereupon answered, admitting that the defendant Wakefield agreed to sell the mortgaged premises to him, but denying that he (the appellant) agreed to assume and pay the mortgage debt. The issue made by this answer being on the calendar for trial at the November term, 1879, of the circuit court, on the 11th day of February following, and during the same term, the appellant, by his counsel, moved that the cause be continued to the next term, and the affidavits of himself and counsel were read in support of the motion. The court denied the motion. The cause was called for trial in its regular order on the following day, and counsel for appellant moved for a day continuance under circuit court rule 7. This motion was also denied, and the cause was tried. The plaintiff introduced evidence in support of his complaint, but none was offered on behalf of the appellant. The court found the issue for the plaintiff, and, without rendering any new judgment, awarded execution against the appellant for such deficiency.

At the April term, 1880, of the same court, the appellant

moved that the judgment against him be vacated, and for a new trial. The motion was founded on the records and files in the case, and the affidavits read on the motion for a continuance, and on an additional affidavit made by himself. On the hearing of the motion, an affidavit of counsel for plaintiff, controverting some of the statements contained in appellant's affidavits, was read in opposition to the motion. This appeal is from the order denying such motion.

For the appellant there was a brief by *Patchin & Weed*, his attorneys, with *G. W. Cate*, of counsel, and oral argument by *Mr. Cate*.

*E. Mariner*, for the respondent.

The following opinion was filed December 17, 1880:

LYON, J. Error is assigned upon the rulings of the court denying the motions for a continuance of the cause to the next term, for a day continuance under circuit court rule 7, and for a new trial.

Upon an appeal from a judgment, this court may review any intermediate order or determination of the court below appearing upon the record, which involves the merits and necessarily affects the judgment (R. S., 799, sec. 3070); but on an appeal from an order, no authority is conferred to review a prior order in the cause. *Flanagan v. Railway Co.*, 45 Wis., 98, and cases cited. Hence, on this appeal, which is from an order, we cannot review the orders of the circuit court refusing to continue the cause. That can only be done, if at all, on an appeal from the judgment. The only question we can properly determine on this appeal is, Did the circuit court err in denying the motion of appellant to vacate the judgment and grant a new trial? The motion was made at a term subsequent to the rendition of the judgment. The circuit court had then lost jurisdiction to grant the motion for any error committed by itself at any former term. It could only grant the motion by virtue of sec. 2832, R. S., p. 756. If the authority to do so cannot be found

in that statute, it does not exist; and unless the appellant has brought his case within its provisions, his motion was properly denied. Independently of the statute the court had no power to disturb the judgment, however meritorious the grounds of the action might appear.

The statute confers upon the trial court the power, in the exercise of its discretion and upon just terms, within one year after notice thereof, to relieve a party from a judgment, order or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect. We assume, for the purpose of this appeal, that the motion was made within the prescribed time. There is no claim here of mistake or inadvertence, and the only surprise suggested is predicated of the rulings of the court on the motions for continuances. We do not think the statute was intended to relieve against surprise of that character. The motion rests, therefore, upon the ground of excusable neglect alone. It may be conceded that the appellant has made sufficient excuse for not being present with his witnesses when the cause was called for trial, and yet the order appealed from may not be erroneous. To hold it erroneous, we must be able to say from the record before us that the making of it was an abuse of discretion; for the granting or refusing of the motion was a matter resting in the sound discretion of the court. This brings us to an examination of the affidavits read on the hearing of the motion.

The first affidavit of the appellant alleges the absence of one Fortune, and the reasons why his attendance as a witness had not been procured, or his deposition taken, and proceeds as follows: "Deponent further says that he can prove by the said Fortune that at the time this deponent purchased the interest of said Wakefield in the mill property premises covered by the mortgage mentioned in the complaint, said Fortune was the confidential foreman or business manager of the defendant, and was present when the said purchase was made, and

heard the talk and conversation leading thereto between this deponent and said Wakefield, and that there was no agreement or understanding between this deponent and said Wakefield that deponent would pay or assume any part of the said mortgage incumbrance then existing on said property."

The affidavit of his counsel is to the effect that from conversations with the appellant he believes that the affidavit of the latter does not state all the facts that he expects to prove by Fortune, but that the latter will testify " that no agreement in writing was entered into by and between said defendant *Ketchum* and Wakefield, nor any deed of conveyance executed by the said Wakefield to the defendant *Ketchum*, in which it was stated or expressed that the said defendant *Ketchum* would pay or assume any part of the then-existing mortgage on said property."

The last affidavit of the appellant states at length the reasons why he was not present at the trial with his witnesses, and that he reached the place of trial after the cause was disposed of, on the same day, with one Trow. In this affidavit no additional facts are stated which he expects to be able to prove if a new trial should be granted. The only statement therein going to the merits is the following: "This deponent further says that, had a continuance been granted for the day upon the motion of his said attorneys, on the said 12th day of February, this deponent and the said A. S. Trow would have been in attendance on the then next day of court, and this deponent would have been able, by himself and his said witness, to establish all the material facts set forth in his answer herein."

The affidavit of the appellant's counsel purports on its face to be mere hearsay, and is therefore entitled to very little consideration. Especially is this so in view of the fact that in his second affidavit the appellant fails to state that he expects to prove by Fortune the additional matter which he had told his counsel he could prove by him.

The statement in the appellant's second affidavit that the testimony of Trow and himself would have established all the material facts set forth in the answer, is quite insufficient. It fails to state the facts to which they would testify. Had the facts been stated, the court might have held that they did not establish the defense. But the facts are suppressed, and the legal conclusion alone, which the appellant deduces therefrom, is given. Giving to the affidavits the most liberal admissible construction in favor of the appellant, the only evidence which he shows he can introduce on another trial is, that, in the negotiations which led to his purchase of the mortgaged premises of Wakefield, he did not agree to pay the mortgage debt. The record does not contain the testimony given on the trial, and we do not know what that testimony was. It may well be that the liability of the appellant for the mortgage debt was proved by a stipulation to that effect in Wakefield's conveyance to him. Indeed, that is the most usual mode of evidencing such contracts. If the appellant's liability was proved in that manner (there being no pretense of fraud or mistake in the terms of the instrument), proof of the preliminary negotiations between the parties was inadmissible to contradict the written contract, and the testimony which the appellant desires to introduce cannot properly be received. *Hubbard v. Marshall,* 50 Wis., 322, and cases there cited. This may be the ground upon which the circuit court denied the motion, and, if so, it cannot properly be said that the ruling was an abuse of discretion. If this was not the ground of the ruling, the evidence should have been preserved, or the fact made to appear in some other manner.

All reasonable presumptions are in favor of regularity, and against error; and if there is any reasonable hypothesis upon which the ruling can be upheld, it must be adopted. Here we have such an hypothesis, which the record does not negative. Before the order denying a new trial can be disturbed, it must be made to appear affirmatively that the trial court abused

discretion in making it.    The appellant has failed to show such abuse, and he must therefore fail in his appeal.

We have considered the case as though we had a proper record before us.    Had we confined ourselves to the record returned here (as probably we ought to have done), the result would be the same.    Independently of uncertain inference, we cannot say from this record what this action was for, what was the issue made by the pleadings, if there was an issue, or what was the evidence or judgment.    The record commences with the motion of appellant for a new trial, and the previous history of the case is a blank to us, except as the affidavits read on the hearing of the motion indicate that efforts to obtain continuances were made by the appellant without success. As a matter of course, it is impossible on such a record to hold that the denial of the motion for a new trial was an abuse of discretion.

This defect in the record was suggested on the argument, and the learned counsel for both parties declined to ask leave to procure a further return.

*By the Court.*— Order affirmed.

A motion for a rehearing was denied February 8, 1881.