La Flex, Respondent, vs. Burss, Appellant.

*September 25 — October 14, 1890.*

**(1)** *Partnership, what constitutes.* **(2)** *Demand not due: Pleading: Instructions.*

1. An agreement between the owner of standing timber and another, by which the latter is to cut the timber into cord-wood, and the owner is to market it, and the proceeds are to be divided equally between them, does not make them partners.

2. In an action to recover a balance alleged to be due upon a contract for work done, the answer was merely a general denial. The trial court charged the jury, in effect, that the plaintiff might recover all that had become due up to the time of the verdict, for the work done before the commencement of the action. The defendant did not ask for any instruction as to any part of the demand which he claimed was not due when the action was commenced. *Held,* that the judgment for the plaintiff would not be reversed.

APPEAL from the Circuit Court for *Clark* County.

The action was commenced in justice's court, May 9, 1888, to recover the sum of $56.93 alleged to be due to the plaintiff for work and labor in chopping wood for the defendant in the winter of 1887–88, and the sum of $2.80, the alleged price of chickens sold and delivered by the plaintiff to the defendant. The complaint alleged that said sums became due prior to the commencement of the action. The answer was a general denial.

The plaintiff recovered judgment in the justice's court, and the defendant appealed to the circuit court. The cause came on for trial in the latter court on December 5, 1889. The defendant objected to any testimony being received on the ground that the action was brought to recover a balance of an unsettled partnership transaction, for which no action at law could be maintained. The objection was overruled. After the plaintiff had rested, the defendant moved, upon the same ground, that the court withdraw from the case all the plaintiff's claims except the item of the chickens.

The motion was denied. The evidence given on the trial will sufficiently appear from the opinion. The court instructed the jury to "ascertain how much is due the plaintiff for all the chopping he did, and then ascertain how much he has received for it, and if there is a balance in his favor give him that balance." The jury returned a verdict in favor of the plaintiff for $65.92.

The bill of exceptions states that "upon the coming in of said verdict the defendant's counsel stated to the court that he was at a loss to know why the court had charged the jury as it did, and had not submitted to them to find how much was due the plaintiff, if anything, at the commencement of the action. Whereupon the court stated that the court had charged in the manner it did for the reason that the defendant had not pleaded in abatement that the debt or demand was not all yet due, and that the plaintiff was entitled to receive all that had become due upon the same contract, for the same breach, up to the time of verdict. To which the defendant's counsel urged that the case had been tried and argued to the jury without any objection having been made that the answer did not plead in abatement that the debt was not yet all due."

A motion for a new trial was denied, and from the judgment entered on the verdict the defendant appealed.

*James O'Neill*, for the appellant, contended, *inter alia*, that it was error to permit the plaintiff to state that there was due him, at the commencement of the action, between $50 and $60. This was a mere conclusion, not a statement of fact. 1 Thomp. Trials, secs. 317, 381; *White v. Stoner*, 18 Mo. App. 540; *Smith v. Young*, 26 id. 575, 578; *Kauffman v. Babcock*, 67 Tex. 241; *Morehouse v. Mathews*, 2 N. Y. 514; *Lincoln v. S. & S. R. Co.* 23 Wend. 425; *Norman v. Wells*, 17 id. 136; *Young v. Cureton*, 87 Ala. 727; *Bain v. Cushman*, 60 Vt. 343. The action should have been dismissed because brought to recover what was in fact the

balance of an unsettled partnership account. Story, Partn.
sec. 2; *Gilbank v. Stephenson,* 31 Wis. 592; *Fail v. McRee,*
36 Ala. 61; *Allen v. Davis,* 13 Ark. 28; *Musier v. Trump-
bour,* 5 Wend. 274; *Tolford v. Tolford,* 44 Wis. 547. The
charge to the jury was erroneous. There was no contract
by defendant to pay plaintiff anything until the money
was received by him. After it was received the plaintiff,
upon demand, could maintain an action for money had and
received but not for work and labor. *Hitchings v. Ellis,*
12 Gray, 449; *Fail v. McRee,* 13 Ark. 28. It was not nec-
essary to plead that the debt was not due. If there was a
subsisting indebtedness to become due, it might be neces-
sary to plead in abatement. But there was no indebted-
ness and no cause of action whatever as to the wood not
disposed of. It being alleged in the complaint that the sum
named "became due prior to the commencement of this ac-
tion," that allegation is properly covered by the general
denial. Pomeroy, Remedies, sec. 672; *Quin v. Lloyd,* 41
N. Y. 349; *Millett v. Huyford,* 1 Wis. 411. The case hav-
ing been tried on the issue whether anything was due at
the commencement of the action, without objection, the
court should have considered the answer as amended. *Bow-
ers v. Thomas,* 62 Wis. 480.

For the respondent the cause was submitted on the brief
of *R. B. Salter.*

Cole, C. J. We think there was no error in the trial
court holding that the arrangement between the parties to
this suit about cutting and marketing the cord-wood did not
make them partners in that business. It seems that the
defendant owned land upon which there was standing tim-
ber. He and the plaintiff entered into this arrangement.
The latter was to cut the timber into cord-wood, and the
former was to haul the cord-wood into market at coal kilns,
and the money which was received from the cord-wood was

to be divided equally between them. The arrangement was simply a mode of measuring the compensation of the plaintiff for cutting the wood. In other words, he was to receive one half of the money which the wood sold for, as a reward for his labor in cutting it. This did not constitute a partnership as between the parties, and none was intended. The plaintiff did not own, or have any title in, the cord-wood after it was cut. He could not control it or sell it; but, when it was sold, he was to receive one half of the proceeds as compensation for his services in cutting it. There was really no community of interests or sharing of profits or losses in the adventure. Whether one half of the proceeds would pay the plaintiff good wages for the cutting of the wood, or would pay the defendant for his timber and expenses of hauling it to the coal kilns, was a matter in which the other party had no concern. We think the evidence shows that the agreement was that the cord-wood was to be hauled away by the defendant, and marketed within a reasonable time after it was cut, and the proceeds divided between the parties. But there was to be no sharing in profits and losses in the business, no community of interests in the profits as such, which is the principal criterion of a partnership; but at most it was a mere arrangement by which the plaintiff was to obtain compensation for his labor and services or his wages for cutting the cord-wood. *Ford v. Smith*, 27 Wis. 261; *Nicholaus v. Thielges*, 50 Wis. 492, and cases of that kind, go upon this principle: That where a man stipulates that, as a reward for his labor, he shall receive a given sum, even in proportion to the quantum of the profits, this will not necessarily make him a partner in the business.

In *Gilbank v. Stephenson*, 31 Wis. 592, there was an understanding between the parties that each was to furnish a horse for breaking lands of other persons; that the plaintiff was to do all the work, and the defendant pay all the ex-

penses, and the money earned was to be divided equally; it was held to constitute a partnership, because the business was to be done at the joint expense of the respective parties. But there was nothing of the kind in this case; hence there was no ground for holding that the action was brought to recover the balance of an unsettled partnership account. It was brought to recover the stipulated wages for cutting a quantity of cord-wood. This is very plain.

It is said the court erred in allowing the plaintiff to state how much was due him. He testified as to how many cords he had cut under the arrangement, and what he was to be paid, and the quantity hauled away. He had had dealings with the defendant, had received supplies, and he stated generally the balance due him on account. The circuit court directed the jury to find from the evidence how much was due the plaintiff for all the wood he had chopped, and to ascertain how much he had received for his work, and, if there was a balance in his favor, to give him the amount of that balance. The parties were sworn in the case, and testified fully about the original agreement and as to the state of the accounts between them. The plaintiff was an illiterate man, and the accounts between the parties, so far as there were any, were mainly kept by the defendant. It is said there was no evidence that anything was due the plaintiff when the suit was commenced. We do not so understand the testimony. The evidence is entirely clear and satisfactory that the plaintiff had cut more wood than he had been paid for. True, according to the contract, the defendant was to pay the plaintiff his portion of the money as he marketed the wood, and it is probably a fact that he had not hauled and sold all the wood the plaintiff had chopped when the action was commenced, but the evidence shows that the plaintiff had frequently requested him to haul the wood to market, as he wanted the money coming to him, but the defendant neglected to per-

form his duty in that respect. He claimed he was to have the next summer and next winter, if needed, to haul it away. We would be inclined to doubt the correctness of that statement, as it is improbable when the circumstances of the parties are considered. The plaintiff was a poor man, and needed his wages to pay his debts and support himself and family. And, though no specific instruction was asked and given upon the point, yet, under the charge, the jury must have found that the plaintiff had not been fully paid for his work when the suit was commenced. Whether the jury were satisfied from the proof that the defendant delayed hauling the cord-wood an unreasonable time after he should have hauled it, or that he had determined not to haul it until the next winter, and intended to raise the money and pay the plaintiff for what was due him for his work, we cannot tell. There is evidence in the case to warrant the latter conclusion. But certainly the issue as to whether the action was prematurely commenced as to any portion of the plaintiff's claim, was not raised by the pleadings. Such an issue would of course be only in abatement of the action as to such portion, and it seems to us the objections should have been taken in some way on the trial before the cause was submitted to the jury. It is said in the printed case that the circuit judge, after verdict, stated that he charged in the manner he did because the defendant had not pleaded in abatement that the debt or demand was not yet all due. The learned circuit judge held that the plaintiff was entitled to recover, under the circumstances, all that had become due on the contract, for the same breach, up to the rendition of the verdict. If the defendant was not satisfied with the general charge as given, he should have asked an instruction directing the attention of the jury to that portion of the plaintiff's demand which he claimed was not due. The jury found from all the evidence that the amount claimed by the plaintiff was

due him, and we are unable to say that this finding is unsupported by the proof in the case. The judgment seems to be right on the whole record, and we affirm it, as it is in accordance with substantial justice and the real merits of the case.

*By the Court.*— The judgment of the circuit court is affirmed.