SOHNS, Respondent, vs. SLOTEMAN and another, Appellants.

*April 13 — May 2, 1893.*

*Partnership: Arbitration and award: Discontinuance of action.*

1. An agreement by which plaintiff was to do for defendants, for one half of the net profits, certain work which defendants had contracted to do, did not make them partners, but was simply an arrangement by which plaintiff's compensation was to be measured.
2. A stipulation in a submission to arbitration that a pending action be stayed but that it be not discontinued until an award is made and paid, is valid and effectual; and the action may properly be moved to trial and judgment if the award is not paid within a reasonable time.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for labor and materials furnished. The defendants had entered into two separate contracts with St. Amelianus Orphan Asylum and Rev. William Grutza to put in steam-heating apparatus in two certain buildings. Afterwards defendants employed plaintiff to do the work and furnish, the materials under both contracts for one half of the net profits. Plaintiff went on with the work under both contracts, and claims to have fully completed the same, and brought this action for the balance which he claims to be due him for such work and materials. The action was commenced February 25, 1890, and at the same time garnishee actions were commenced against the asylum and Grutza auxiliary thereto. April 2, 1890, a written agreement was made between plaintiff and defendants reciting that controversies had arisen between the parties as to the settlement of the accounts between them, and that the actions aforesaid had been commenced, and agreeing to submit all such matters to three named arbitrators, whose award should be performed by both parties. Such agreement also contained the following provision: " And we do further mutually covenant and agree that this submission

shall not operate·as a discontinuance of the aforesaid suits now pending or the garnishments auxiliary thereto, but that its effect shall be to stay proceedings until their discontinuance, which· shall follow upon the award herein made, and upon the St. Amelianus Orphan Asylum and said Rev. William Grutza paying to either of us or both the amount or amounts respectively awarded by said arbitrators: provided, however, that such award be made in writing under the hands of said arbitrators, or any two of them, ready to be delivered to us, or either of us, on or before the 10th day of August, 1890."

The arbitrators made an award August 5, 1890, by which they ordered that defendants should pay plaintiff, *on or before August 15, 1890*, $395, with interest from March 1, 1890, at seven per cent., and that said actions should be discontinued upon payment of said sum within the time limited. The·award was not complied with either by defendants or by the garnishees. October 3, 1891, defendants moved to dismiss the action, which motion was denied. Defendants served their answer October 15, 1891, in which they alleged that plaintiff had never completed either contract, and that they had paid plaintiff in full. They also allege the agreement to arbitrate, and the award thereon, and set up two counterclaims for damages on account of failure by plaintiff to complete said contracts.

The action was referred to Hugh Ryan, as sole referee, to hear, try, and determine, who after full trial found substantially for the plaintiff upon the contested matters of fact, that he had performed his contracts, and that there was due him under the same $319.70, with interest and costs. Upon motion the report of the referee was confirmed, and· judgment rendered thereon, from which defendants appeal.

For the appellants the cause was submitted on the brief of *G. J. Cox.* He contended, *inter alia,* that when plaint-

iff was to share in the profits he must also sustain half the
loss and is a partner. *Miller v. Price*, 20 Wis. 117; *Saun-
try v. Dunlap*, 12 id. 364; *Gilbank v. Stephenson*, 31 id.
592; *Upham v. Hewitt*, 42 id. 85. An agreement to share
in the profits alone is sufficient. *Manhattan Brass & M.
Co. v. Sears*, 45 N. Y. 797. A partner cannot maintain an
action at law for a share in the profits of a partnership.
*Lower v. Denton*, 9 Wis. 268; *Tolford v. Tolford*, 44 id.
547.

For the respondent the cause was submitted on the brief
of *J. W. Wegner*. He argued, among other things, that a
naked submission, without any reservation, operates as a
discontinuance of the action, but where the parties con-
tract otherwise the court does not lose jurisdiction and has
a right to proceed in the action if the conditions stipulated
in the articles of submission are not complied with. *Låry
v. Goodnow*, 48 N. H. 170; *Dinsmore v. Hanson*, id. 413;
*Paulison v. Halsey*, 38 N. J. Law, 488; *Knaus v. Jenkins*,
40 id. 288; *Hearne v. Brown*, 67 Me. 156; *Nettleton v.
Gridley*, 21 Conn. 536; *Jacoby v. Johnston*, 1 Hun, 242;
*Ensign v. St. L. & S. F. R. Co.* 62 How. Pr. 123.

Winslow, J. We shall not review the evidence upon the
disputed questions of fact. Examination of it shows that
there was sufficient evidence to justify the findings made
thereon by the referee and confirmed by the court, and
that there is not a clear and satisfactory preponderance
against such findings.

It is objected that, by the agreement to do the work for
one half the net profits, the plaintiff became a partner of
defendants, and cannot maintain this action at law. We re-
gard this as simply an arrangement by which the amount
of plaintiff's compensation is measured. *La Flex v. Burss*,
77 Wis. 538.

The most serious question arises upon the effect of the

Sohns vs. Sloteman and another.

agreement of arbitration. It is well settled in this state that a mere submission of a controversy to arbitration operates *ipso facto* as a discontinuance of a pending action thereon, because the parties have chosen another forum for the determination of their controversies. *Muckey v. Pierce*, 3 Wis. 307; *Dolph v. Clemens*, 4 Wis. 181; *Bigelow v. Goss*, 5 Wis. 421, and cases cited in note. The effect, however, of a provision in the agreement of submission that the action shall not be discontinued has not been determined by this court, so far as we are aware. We see no good reason why such a provision should not be operative. The ground on which it is held that bare submission operates as a discontinuance is that it shows that the parties have agreed to a discontinuance because they have sought another tribunal. When the submission by its terms affirmatively shows that they have not agreed to a discontinuance, the reason for the rule is entirely lacking. Nor do we see any reason on grounds of public policy why a stipulation that the action shall not be discontinued, but only stayed, should not be held valid. We come, then, to a consideration of the meaning of the stipulation in the agreement of submission. It seems very plain that the parties intended that the main action and the garnishee actions should remain in court, not only pending the arbitration and award, but until the award was paid. Plainly, the plaintiff did not propose to lose the benefit of his pending action and his garnishee proceedings while he was making an effort to arrange the matter and get his pay by means of the arbitration. Substantially the agreement is that the suits shall be stayed and shall be finally discontinued, provided an award is made *and paid* within a reasonable time; otherwise not. The award was not paid, either within the time limited by the award itself or within more than a year thereafter. We think the stay of proceedings agreed for in the submission must be held to have

expired long before this action was moved for trial, and the event upon which alone it was agreed that the action should be discontinued, namely, payment of the award, never having taken place, we think the case was properly moved to trial and judgment. The agreement contemplated discontinuance from one event only, and entirely rebuts the idea that it can result from any other event.

No other points require attention.

*By the Court.*— Judgment affirmed.