PICK INDUSTRIES, INC., Respondent, vs. GEBHARD-BERGHAMMER, INC., Appellant.*

*November 3—December 2, 1952.*

---

* Motion for rehearing denied, with $25 costs, on February 3, 1953.

500

For the appellant there were briefs by *Houghton, Neelen & Bullinger* of Milwaukee, *Schloemer & Stoltz* of West Bend, and *William Smith Malloy* of Milwaukee, and oral argument by *C. J. Schloemer* and *Albert B. Houghton*.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara* and *Thomas O'Meara, Jr.*

BROWN, J.    On August 1, 1951, the trial court denied a motion of Gebhard to set aside the arbitration agreement. Gebhard did not appeal from this until March 1, 1952, which Pick submits is too late, by reason of the requirements of sec. 274.01 (1), Stats., being more than six months after the entry of the order. If the order was appealable Pick's contention must be sustained. Gebhard contends, however, that it was not an appealable order as such orders are described in sec. 274.33 but was an intermediate order which may be reviewed when brought here in connection with an appeal from an order which is appealable, meaning the order of November 29, 1951, which denied Gebhard's motion to vacate the award. Conceding, for the purpose of the argument, that the latter order is an appealable one, we cannot follow the argument to the conclusion which Gebhard has reached. Sec. 274.34 confers power upon the supreme court to review an intermediate order which involves the merits and necessarily affects the judgment but it grants this power only on appeal from judgments and upon writs of error, neither of which, as yet, appear in this case. A long series of decisions in this court have held that on an appeal from an *order* the supreme court lacks power to review a prior order

in the cause. *Breed v. Ketchum* (1881), 51 Wis. 164, 166, 7 N. W. 550; *Prochnow v. Northwestern Iron Co.* (1914), 156 Wis. 408, 145 N. W. 1098, 145 N. W. 1104, and cases cited at page 409.

If the order of August 1, 1951, was an appealable one, the time when appeal might be taken had expired when the appeal was perfected on March 1, 1952. If it was a non-appealable, intermediate order it is not carried up for review by an appeal from a later order. Upon either theory we have no jurisdiction over it now.

Gebhard submits a third alternative to give us jurisdiction: On March 31, 1951, Gebhard moved to set aside the arbitration agreement and to vacate the award. The court's order of August 1, 1951, denied only the first of these motions. On November 29, 1951, after the trial court had completed its hearings to determine whether the award should be vacated and had concluded that it should not, it entered its order of denial in these words: "It is ordered: That the defendant's motions of March 31, 1951, be denied." Gebhard now contends that the motion to set aside the arbitration agreement was included in this order and was thus denied on November 29, 1951, although the order of August 1, 1951, had already expressly denied it, wherefore the appeal taken March 1, 1952, within six months of November 29, 1951, is timely on the agreement-to-arbitrate issue as well as on the issue of vacating the award. The contention cannot be sustained. The order of August 1, 1951, disposed of the motion to set aside the arbitration agreement unless there was an appeal within six months (assuming the order to be an appealable one, which is indispensable to any theory that it can be appealed now), and such motion is not recreated for the purpose of a second denial by a later order which repeats the earlier one. In so far as the language of the November 29, 1951, order includes the motion previously denied, it is surplusage and of no effect. Repeated denials

of the same motion will not serve to extend the time in which an appeal may be taken.

The appeal from the order denying the motion to set aside the arbitration agreement must be dismissed.

We pass now to Gebhard's appeal from the order of November 29, 1951, which denied its motion to vacate the award. Pick has suggested that we are dealing with a common-law, not a statutory arbitration. Adopting that view for a moment, we note that at common law the entire proceedings of arbitration and award merely constitute a contract between the parties and the successful party can enforce the award only in the same manner as he can enforce an ordinary contract, with the added advantage that the award may be introduced in evidence and is conclusive as to the matters therein decided in so far as they are within the terms of the submission. 3 Am. Jur., Arbitration and Award, p. 972, sec. 154. If this is an award in a common-law arbitration it seems clear that an attack upon it by the unsuccessful party before the successful one has attempted to enforce it is premature. If the original dispute had never been in court, obviously the unsuccessful party could not invoke the jurisdiction of a court without other process than a mere motion. And at common law, if the parties first resorted to the courts and then shifted to arbitration the shift operated as a discontinuance of the action at law, and again there would be no court with jurisdiction to entertain the motion of a party displeased with the work of the arbitrators. "It is well settled in this state that a mere submission of a controversy to arbitration operates *ipso facto* as a discontinuance of a pending action thereon, because the parties have chosen another forum for the determination of their controversies." *Sohns v. Sloteman* (1893), 85 Wis. 113, 116, 55 N. W. 158, and cases there cited. That case excepted actions from such discontinuance when the submission expressly provided that the action should be stayed and not discontinued. The submis-

sion in the present proceeding contains no such provision. Therefore, if we are now dealing with a common-law arbitration the parties' original action at law has been discontinued and the courts, including this one, are without jurisdiction over any part of the controversy until brought in by an action to enforce the award begun in the usual way by service of process.

However, we do not regard this as a common-law arbitration. Although the agreement to arbitrate,—the submission,—does not refer to the Wisconsin Arbitration Act, ch. 298, Stats., the parties have proceeded in the manner which the act contemplates. When the award was made, the arbitrators filed it and their other records with the trial court though no court would have any jurisdiction over the controversy at that stage at common law. Being dissatisfied with the award, Gebhard moved the court to vacate it (and Pick opposed the motion on the merits without objection to the jurisdiction), which is the procedure authorized by sec. 298.13, Stats., but which, as we have already said, is quite inconsistent with any common-law procedure. The parties' conduct interprets their arbitration to be subject to the statute and not to the common law and on this appeal Gebhard, at least, by citing ch. 298 in support of his position, claims the arbitration to be a statutory one.

We refer, then, to the provisions of ch. 298, Stats., and find that sec. 298.09, Stats., provides:

"At any time within one year after the award is made any party to the arbitration may apply to the court in and for the county within which such award was made for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in the next two sections. . . ."

Neither motion nor order was made to modify or correct the award and the trial court denied the motion to vacate it. No motion to confirm the award has yet been made.

Sec. 298.12, Stats., provides for the entry of judgment upon the granting of an order confirming, modifying, or correcting an award. Since no such order has been entered, we cannot, of course, expect to find a judgment from which an appeal may presently be taken in the usual way prescribed by ch. 274, Stats. However, sec. 298.15 permits an appeal from an order confirming, modifying, correcting, or vacating an award, but none of these orders has been entered. The only motion made, material to the present discussion, was one to vacate the award, and that motion was denied. When the statute expressly permits an appeal from an order vacating an award we cannot, without legislating, read into the statute authorization to appeal from an order refusing to vacate it. Nor do we consider that the legislature meant to include a right to appeal when vacation is denied or that injustice results if such right is withheld. Until the trial court confirms the award the award does not harm Gebhard. If a motion to confirm is made Gebhard may oppose it; if or when the order of confirmation is made the statute affords an appeal from it as well as from the judgment entered thereon. The party successful before the arbitrators is protected in his award by the right to appeal from an order which vacates it, and the unsuccessful party is protected by the right to appeal from an order which confirms it. We see no occasion for additional appeal rights and since the statute has not provided for them, we do not consider it within our province to make additions to the statute.

We are compelled to conclude that no appeal lies from an order which denies a motion to vacate an award, and the appeal from such order of the trial court must be dismissed.

*By the Court.*—Appeal dismissed.

GEHL, J., took no part.

505a

The following memorandum was filed March 6, 1953:

BROWN, J. (*on motion for rehearing*). Respondent Pick has filed a motion for rehearing. On due consideration we remain of the opinion that while the parties did not specify whether their arbitration was under the statute or at common law, the arbitration proceedings determine it to be statutory. The decision on the appeal therefore remains unchanged and the motion for rehearing must be denied.

Pick, however, has called it to our attention that our opinion states that submission of a controversy to arbitration works a discontinuance of a pending action at law unless the submission provides for a stay rather than a discontinuance, citing *Sohns v. Sloteman* (1893), 85 Wis. 113, 116, 55 N. W. 158, and we added that there was no such provision in the present case. Sec. XIII of the submission in fact recited:

"That the action pending in the circuit court of Washington county shall be dismissed, without costs to either party, upon the application of either party hereto after the board of arbitration has made its findings under paragraph h above."

In the light of this provision our statement that the action was discontinued was wrong; it was stayed for a specified purpose pending a certain event. Pick submits that the parties wished to keep the action alive so that the statute of limitations would not run against the claim and counterclaim of the parties if the arbitration proved abortive. The provision does not affect the arbitration proceedings but we were wrong in stating that the original action at law was discontinued by reason of the submission.

*By the Court.*—Motion denied.