UNITED STATES, Appellant, v. BURCZYK, Receiver, and others, Respondents: METRON STEEL CORPORATION, Plaintiff, v. ALBY MANUFACTURING, INC., Defendant.*

*No. 259. Argued February 2, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 608.)

* Motion for rehearing denied, without costs, on May 4, 1972.

For the appellant there was a brief by *Fred B. Ugast,* acting United States assistant attorney general, and *Meyer Rothwacks, Elmer J. Kelsey,* and *Charles E. Anderson,* attorneys, all of Washington, D. C., and *David J. Cannon,* United States attorney, and *Steven C. Underwood,* assistant United States attorney, both of Milwaukee, of counsel, and oral argument by *Mr. Underwood.*

For the respondent Raymond Burczyk there was a brief by *Howard, Peterman & Eisenberg* and *Russell A. Eisenberg,* all of Milwaukee, and oral argument by *Russell A. Eisenberg.*

There was a brief for the respondent Department of Industry, Labor & Human Relations by *Arnold J. Spencer,* chief counsel, and *W. H. Putnam,* chief of enforcements section; and for the respondent village of Waterford by *Johnson & Bremer* and *James F. Bremer,* all of Waterford; and oral argument by *Mr. Putnam* and *Mr. James F. Bremer.*

HANLEY, J.   Two issues are presented on this appeal:

(1) Is the order of October 26, 1970, insofar as it reviews and confirms the orders of May 5, 1969, and May 9, 1969, an appealable order; and

(2) Did the trial court err in directing payment of the claims of the department and the village prior to satisfying the claim of the United States?

*Appealability of order.*

The village and the department made a special appearance in this appeal to contend that the appeal should be dismissed inasmuch as it was not timely filed. This contention was presented to this court by a motion to dismiss the appeal prior to oral argument. The motion was denied, without prejudice, however, and the issue is again presented for consideration.

There is no right under either the common law or the state constitution to appeal to this court. That right is given only by statute and only to the extent allowed in the statute. *Donny v. Chain of Lakes Cheese Co.* (1948), 254 Wis. 85, 88, 35 N. W. 2d 333. Where there is no statutory right to appeal, this court lacks subject matter jurisdiction and must dismiss the appeal on its own motion, if need be. *Estate of Boerner* (1970), 46 Wis.

2d 183, 188, 174 N. W. 2d 457. In addition, the legislature has the power to limit not only the subject matter of an appeal, but the time in which an appeal may be taken. If an appeal is not timely under the statutes, a motion to dismiss should be granted. *Bublitz v. Matulis* (1967), 34 Wis. 2d 23, 24, 148 N. W. 2d 64. If, however, the party entitled to dismissal makes no motion to dismiss, but participates in the appeal, he has waived his right to object to the timeliness of the appeal. *Barnard v. Coates* (1965), 28 Wis. 2d 1, 7, 8, 135 N. W. 2d 809; *Vande Hei v. Vande Hei* (1968), 40 Wis. 2d 57, 63, 161 N. W. 2d 379. By their timely motion and special appearance, the village and the department have protected their right to dismissal if the appeal is not, in fact, timely.

Respondents assert that this appeal was not filed within the time allowed by the statutes. Sec. 128.15 (1), Stats., limits the time to appeal from an order disposing of objections to claims in a receivership to thirty days. Likewise, a thirty-day limitation is placed on appeals from an order of the court settling the accounts of a receiver under sec. 128.20 (2). However, these statutes do not apply to the United States, since its claim is for taxes. This court, in *In re Assignment of Milwaukee Sheep & Wool Co.* (1925), 186 Wis. 320, 329, 202 N. W. 693, differentiated between the claim of a unit of government for unpaid taxes and the claims of general creditors:

". . . [W]hile the taxes involved have been heretofore generally referred to as a prior claim, they are not a claim in the same sense as are claims of general creditors; they do not involve the element of debt as do claims of general creditors, but are imposed by the government to raise funds to defray its expenses. They lack the contractual element of general claims of creditors; therefore they need not be filed. . . . From this it follows that the town's right to appeal does not spring

from the provisions of sec. 1701, but from the statutes on appeal in civil actions generally."

Therefore, it appears that the timeliness of the appeal by the United States must be determined under sec. 274.01 (1), which limits the time for appeal to three months from service of a notice that the order has been entered, or to six months from the date the order is entered, if no notice of entry is served. In this case, the United States was not notified that any orders were entered; the six-month limitation would therefore apply. Hence, an appeal from the October 26, 1970, order approving the receiver's accounting would be timely, since the notice of appeal was filed on November 25, 1970. However, if, as respondents contend, this appeal is actually taken from the orders of May, 1969, which directed the receiver to pay the claims of the department and the village, the appeal would not be timely.

The notice of appeal filed by the United States clearly indicates that the appeal is taken from the order of October 26, 1970, which approved the accounts of the receiver. The pertinent parts of the notice of appeal read as follows:

"PLEASE TAKE NOTICE that the United States of America, . . . hereby appeals to the Supreme Court of the State of Wisconsin from a part of an order . . . entered on the 26th day of October, 1970, confirming the acts of the Receiver insofar as they relate to the distribution of funds used to satisfy priority creditor claims of the Village of Waterford . . . and the Wisconsin Department of Industry, Labor and Human Relations . . . ."

Since the appeal was taken within six months from the date the order appealed from was entered, the appeal on its face is timely.

However, determining that the appeal was timely does not completely dispose of the question of appealability in this case. Although the notice of appeal shows a chal-

lenge to the final order of the court, it clearly demonstrates that appellant is attempting to overturn the earlier orders directing the receiver to distribute funds to the village and the department. In other words, the United States is attempting to challenge intermediate orders by appealing from the final order of the trial court. This is not permitted under Wisconsin law. As stated in *Pick Industries, Inc. v. Gebhard-Berghammer, Inc.* (1952), 262 Wis. 498, 501, 502, 56 N. W. 2d 97, 57 N. W. 2d 519:

". . . Sec. 274.34 confers power upon the supreme court to review an intermediate order which involves the merits and necessarily affects the judgment but it grants this power only on appeal from judgments and upon writs of error, neither of which, as yet, appear in this case. A long series of decisions in this court have held that on an appeal from an *order* the supreme court lacks power to review a prior order in the cause. . . ."

The only exception to the rule that intermediate orders cannot be challenged on an appeal from a final order was enunciated by this court in *Adoption of Brown* (1958), 5 Wis. 2d 428, 435, 92 N. W. 2d 749, wherein it was held that nonappealable intermediate orders may be reviewed upon appeal from a final order in special proceedings. This exception does not apply to the United States in this case, however, since the orders directing payment of the claims of the department and the village were appealable in and of themselves as final orders affecting a substantial right in a special proceeding. Sec. 274.33 (2) (a), Stats. An order which merely reviews and confirms a prior order in a receivership proceeding is not appealable. *In re Norcor Mfg. Co.* (1937), 223 Wis. 463, 271 N. W. 2.

The United States contends, however, that it received no notice of the hearings which resulted in the May, 1969, orders, or of entry of the orders themselves. It is clear that the United States did have notice of the commencement of the receivership, inasmuch as it filed

its claim with the court. The record also discloses that the United States had notice of a hearing on the receiver's petition for authorization to sell the assets of the corporation. It did not participate in that hearing. Failure to participate in the proceedings was consistent with one of the options available to the United States:

"Where the United States has a claim against . . . any fund being administered in a state tribunal, which claim is entitled to priority under the statute [R. S. sec. 3466, 31 USCA, sec. 191], the government may adopt either of two courses. It may content itself with notifying the administrator . . . of the funds of the existence of the claim, and, without participating in the state proceedings, rely upon Rev. Stat. sec. 3467 [31 USCA, sec. 192] to assure the claim being allowed its proper priority; or it may appear in the state tribunal and prosecute its claim as any other litigant in that tribunal. . . ." Annot. (1953), 97 L. Ed. 32, 52.

The failure of the United States to appear before the trial court to assert its claim indicates that it was content to rely on R. S. sec. 3467, 31 USCA, sec. 192 (1952 ed.), by which the receiver can be held personally responsible for disregarding the priority claim of the United States.

In any event, the question of appealability does not depend upon whether or not notice of hearings or of entry of the order was given. As stated in *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 117a, 62 N. W. 2d 549, 63 N. W. 2d 740:

". . . The right to appeal and to do it timely is not affected by the fact that notice of entry of a judgment or order is, or is not, served. . . ."

Taking a timely appeal from the action of a court is the proper remedy for anyone who feels aggrieved by that act; and that is true even if he failed to actually participate in the hearing. *Golden v. Green Bay Metropolitan Sewerage Dist.* (1933), 210 Wis. 193, 200, 246 N. W. 505.

We conclude that, although the order of October 26, 1970, is appealable, it cannot be used to raise for review the earlier final orders entered in the special proceeding ordering a payment on claims. Since the appeal must be dismissed, we do not reach the remaining issue.

*By the Court.*—Appeal dismissed without costs.