UNITED STATES of America,
Plaintiff,

v.

Raymond BURCZYK, Defendant and
Third-Party Plaintiff,

v.

Daniel W. HOWARD et al.,
Third-Party Defendants.

No. 72-C-689.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1975.

William J. Mulligan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Heft, Coates, Heft, Henzl & Bichler, by C. James Heft, Racine, Wis., for Burczyk.

Gregory Gramling, Jr., Milwaukee, Wis., for Howard.

James F. Bremer, Waterford, Wis., for Waterford.

W. H. Putnam, Dept. of Industry, Labor and Human Relations, Madison, Wis., for Labor.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The United States asks that Raymond Burczyk be held personally answerable for his failure as a receiver to give priority to its claims for unpaid taxes. 31 U.S.C. § 191 grants priority to the claims of the United States against an insolvent debtor, while § 192 imposes personal liability on a receiver who refuses to honor the government's priority claim. See King v. United States, 379 U.S. 329, 334–340, 85 S.Ct. 427, 13 L. Ed.2d 315 (1964).

Mr. Burczyk seeks dismissal on the grounds that this court lacks jurisdiction. First, relying upon language contained in United States v. Stephens, 208 F.2d 105 (5th Cir. 1953), he maintains that a receiver in a state court is an officer or arm of the court and, as such, is not a representative of the parties who may be held liable under § 192. Such reasoning was rejected by the United States Supreme Court in United States v. King, *supra*.

■ Claiming that the United States "actively participated" in the state court proceedings wherein all issues were "fully litigated," Mr. Burczyk next argues that this § 192 action constitutes an attempt at relitigation which is barred by considerations of res judicata. The Wisconsin supreme court noted in United States v. Burczyk, 54 Wis.2d 67, 75, 194 N.W.2d 608, 612, that:

" 'Where the United States has a claim against . . . any fund being administered in a state tribunal, which claim is entitled to priority under the statute [R.S. sec. 3466, 31 U. S.C.A., sec. 191], the government may adopt either of two courses. It may content itself with notifying the administrator . . . of the funds of the existence of the claim, and, without participating in the state proceedings, rely upon Rev.Stat. sec. 3467 [31 U.S.C.A., sec. 192] to assure the claim being allowed its proper priority; or it may appear in the state tribunal and prosecute its claim as any other litigant in that tribunal. . . .' Annot. (1953), 97 L.Ed. 32, 52."

The record indicates that the United States attempted (unsuccessfully) actively to participate only at the *appeal* stage of the state court proceedings. In this regard, the Wisconsin supreme court observed (p. 75, 194 N.W.2d p. 612):

"The failure of the United States to appear before the *trial* court to assert its claim indicates that it was content to rely on R.S. sec. 3467, 31 U.S.C.A., sec. 192 (1952 ed.), by which the receiver can be held personally responsible for disregarding the priority claim of the United States." (emphasis supplied).

The Wisconsin supreme court did not reach the issue whether the trial court erred "in directing payment of the claims of the department and the village prior to satisfying the claim of the United States." 54 Wis.2d at 71, 194 N.W.2d at 610. Consequently, Mr. Bur-czyk's claim that all the issues were fully litigated is without support.

In King v. United States, 379 U.S. 329, 338–339, 85 S.Ct. 427, 432, 13 L. Ed.2d 315 (1964), the United States Supreme Court stated:

"if [the bankruptcy receiver] had objected at the confirmation hearing to paying out the deposited funds to nonpriority creditors before the Government's claim was surely provided for, there can be little doubt that he would have obtained satisfaction. Even after confirmation it is most unlikely that such an objection would have been ignored. Had it been, responsibility for the frustration of the Government's claim would have devolved completely upon the [bankruptcy] court, and we would be faced with a very different case."

The record indicates that the United States filed a claim for unpaid taxes in the receivership proceedings in the state trial court. Once he was aware of the federal claim, Mr. Burczyk, as receiver, was required to protect it in the state proceedings on pain of § 192 liability. See King v. United States, *supra*; cf. United States v. Wisconsin Valley Trust Co., 233 F.Supp. 73 (W.D.Wis.1964) (receiver not liable under § 192 where he was without knowledge of the fact that taxes were due to the United States).

Only when it was clear that its claim had been ignored at the trial court level (whether this was due to Mr. Burczyk's failure to advance such claim or the court's refusal to consider it is unclear) did the United States make its unsuccessful attempt to have the merits of the claim considered upon appeal to the Wisconsin supreme court. Standing alone, such conduct did not constitute "active participation" on the part of the United States sufficient to deprive it of its option to sue the receiver pursuant to § 192. Had the state trial court or the Wisconsin supreme court considered the merits of the United States' priority claim a different situation would be presented.

I conclude that Mr. Burczyk's res judicata argument is unsupported and that this § 192 action does not constitute an invalid attempt at relitigation.

Therefore, it is ordered that the defendant Raymond Burczyk's motion to dismiss be and hereby is denied.