NORTHRIDGE BANK, Plaintiff-Respondent, v. COMMUNITY
EYE CARE CENTER, INC., Defendant-Appellant.†

Court of Appeals

*No. 78-781. Submitted at motion conference May 23, 1979.—
Decided July 13, 1979.*
(Also reported in 282 N.W.2d 632.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported
in a later volume.

For the appellant motion memoranda was submitted by *Robert E. Sutton* of Milwaukee.

Receiver for appellant: *James E. Shapiro* of Milwaukee.

For the respondent motion memoranda was submitted by *C. James Riester* of Milwaukee.

Before Decker, C.J., Cannon, P.J., and Moser, J.

MOSER, J.   The respondent moves to dismiss the appeal from the judgment entered in the proceeding.  The respondent, a creditor of the appellant corporation, petitioned pursuant to sec. 128.08, Stats., for an adjudication of insolvency of the appellant.  There was a finding of insolvency.  An order was entered July 19, 1978, appointing a receiver for the appellant, but the order was stayed.  On September 13, 1978, an order was entered dissolving the stay, appointing the same receiver, and transferring all of the appellant's assets to the receiver, providing for notice to creditors and enjoining them.  At the request of the appellant a judgment was entered on October 17, 1978, adjudging the appellant to be insolvent, and appointing a receiver to liquidate the corporation.  From

this judgment "and all intermediate orders" the appellant appealed on November 27, 1978.

It is noted that the appeal does not specify any order appealed from as required by sec. 809.10(1), Stats. Since the notice of appeal does not specify any appealable orders, the generalization can refer only to the nonappealable orders referred to as reviewable in sec. 809.10(4).

The appeal from the judgment brings before the court only prior nonappealable orders; not final orders. Sec. 809.10(4), Stats. *United States v. Burczyk,* 54 Wis.2d 67, 74, 194 N.W.2d 608, 612 (1972). The time for appeal from the order of September 13, 1978, has expired. Sec. 808.04. The time for appeal from the order of July 19, 1978, also expired. Sec. 817.01, Stats. (1975). The appeal from the October 17, 1978, judgment is governed by the provisions of ch. 808 and ch. 809, since it is an appeal to the court of appeals.

Section 128.08, Stats., provides that in the case of insolvent corporations: "(1) The court . . . may sequestrate . . . and appoint a receiver therefor . . . ." This is a special proceeding. *See Dalton v. Meister,* 71 Wis.2d 504, 515–16, 239 N.W.2d 9, 15–16 (1976). The power recognized by sec. 128.08 is a power inherent in the courts and not dependent on statute. *Hazelwood v. Third and Wells Realty Co.,* 205 Wis. 85, 89, 236 N.W. 591, 593 (1931). The receiver, by virtue of his office, becomes the owner of the corporate assets as a trustee for the creditors. *Harrigan v. Gilchrist,* 121 Wis. 127, 237, 99 N.W. 909, 937 (1904).

Special proceedings terminate by order, not judgment, *In re Henry S. Cooper, Inc.,* 240 Wis. 377, 386, 2 N.W.2d 866, 870 (1942). The order of September 13, 1978, which appointed a receiver and directed sequestration terminated the proceedings as between the petitioning creditor and the insolvent corporation, since there was nothing more to be done than the administration of the assets and

payment of creditors, in which the insolvent is not a participating party. The order of September 13, 1978, was a final order in a special proceeding since it disposed of all of the issues between the petitioning creditor and the insolvent corporation and precluded further steps by either on those issues. Sec. 808.03 (1), Stats.; *State v. Lamping*, 36 Wis.2d 328, 337, 153 N.W.2d 23, 28 (1967).

The judgment in this case purported to appoint a receiver to liquidate the assets of the insolvent. This did no more than the order of September 13, 1978, did and was therefore superfluous. The order of September 13, 1978, being final and no appeal from it having been taken, the appeal from the judgment does not permit review of the order of September 13, 1978. Sec. 809.10 (4), Stats. An appeal from the judgment, which does nothing but confirm that final order, cannot be used to raise for review the earlier final order entered in the special proceeding. *United States v. Burczyk, supra* at 74, 194 N.W.2d at 612.

*By the Court.*—Appeal dismissed.