STATE of Wisconsin, Plaintiff-Respondent,

v.

Leonard J. HARVEY, Defendant-Appellant.†

Court of Appeals

*No. 00–0541–CR. Submitted on briefs November 7, 2000.—Decided February 1, 2001.*

2001 WI App 59

(Also reported in 625 N.W.2d 892.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lara M. Herman*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, Deininger and Zappen, JJ.[1]

¶ 1. DEININGER, J. Leonard Harvey appeals a judgment of conviction for possession of cocaine with intent to deliver, within 1000 feet of a city park. Only the validity of his conviction on the penalty enhancer involving proximity to a park is at issue in this appeal. Harvey claims the trial court erred when it reopened the evidence and took judicial notice of the fact that Penn Park is a city park. We conclude that the trial court did not erroneously exercise its discretion under state evidentiary law, and further, that it did not violate Harvey's constitutional right to have a jury determine whether the State proved all of the elements of the offenses with which he was charged. Accordingly, we affirm the conviction.

## BACKGROUND

¶ 2. The State charged Harvey with possession of cocaine with intent to deliver "within 1000 feet of Penn Park, a state park." The arresting officer testified at Harvey's jury trial. She identified the location where

[1] Circuit Judge Edward F. Zappen is sitting by special assignment pursuant to the Judicial Exchange Program.

she had contact with Harvey and the location of Penn Park. She measured the distance between the point of contact and Penn Park as being less than 1000 feet. The State rested its case, and Harvey produced no additional evidence.

¶ 3. At the jury instruction conference following the close of testimony, the prosecution moved to amend the information to describe Penn Park as a "county, city, village or town park" rather than a "state park." Defense counsel argued that this would be prejudicial and that no evidence had been introduced regarding what type of park Penn Park is. He then moved for a directed verdict dismissing the penalty enhancer. In response, the prosecution moved the court to reopen the evidence so that it could call one witness, briefly, in order to establish the fact at issue. The State noted that "[t]here was no questioning, cross-examination or otherwise, [or] any contention . . . made, none whatsoever, of the type of park this was. [That] . . . wasn't part of their defense. I don't know how it can be alleged there is prejudice whatsoever."

¶ 4. The court decided instead to take judicial notice that Penn Park is a state, county, city, village or town park, and to deny Harvey's motion for a directed verdict. On the record, the court took judicial notice that Penn Park is "a city park located in the City of Madison." The jury found Harvey guilty of possession of cocaine with intent to deliver, and further found that the offense was committed "within 1000 feet of Penn Park, a park." He appeals the judgment of conviction, seeking only "an order vacating the penalty enhancement."

## ANALYSIS

¶ 5. Harvey claims the trial court erred in taking judicial notice that Penn Park is a city park. He argues that the State did not prove that Penn Park was a park within the meaning of WIS. STAT. § 961.49 (1999–2000),[2] which provides in relevant part as follows:

> (1) If any person violates . . . [controlled substance statutes] by possessing with intent to deliver or distribute, cocaine . . . and the . . . possession takes place under any of the following circumstances, the maximum term of imprisonment prescribed by law for that crime may be increased by 5 years:
>
> . . . .
> (b) While the person is in or on or otherwise within 1000 feet of any of the following:
>
> 1. A state, county, city, village or town park.

The State responds that the trial court's actions properly conformed to statutory requirements for taking judicial notice. We agree.

¶ 6. WISCONSIN STAT. § 902.01 governs judicial notice and provides as follows:

**902.01 Judicial notice of adjudicative facts.**
 **(1)** SCOPE. This section governs only judicial notice of adjudicative facts.
 **(2)** KINDS OF FACTS. A judicially noticed fact must be one not subject to reasonable dispute in that it is any of the following:
 (a) A fact generally known within the territorial jurisdiction of the trial court.

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

(b) A fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(3)** WHEN DISCRETIONARY. A judge or court may take judicial notice, whether requested or not.

**(4)** WHEN MANDATORY. A judge or court shall take judicial notice if requested by a party and supplied with the necessary information.

**(5)** OPPORTUNITY TO BE HEARD. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

**(6)** TIME OF TAKING NOTICE. Judicial notice may be taken at any stage of the proceeding.

**(7)** INSTRUCTING JURY. The judge shall instruct the jury to accept as established any facts judicially noticed.

¶ 7. We first consider the type of fact at issue. A judge may take judicial notice of "adjudicative" facts. WIS. STAT. § 902.01(1). Adjudicative facts are "simply the facts of the particular case," that is, " 'who did what, where, when, how, and with what motive or intent.' " WIS. R. EVID. 59 Wis. 2d R26 & R30 (Federal Advisory Committee's Note to federal counterpart to WIS. STAT. § 902.01(1) (citation omitted)).[3] For the purposes of our analysis, we accept the State's assertion that whether Penn Park is a city park falls within this

[3] All references to the Federal Advisory Committee's Notes and Judicial Council Committee Notes are to the commentaries provided in connection with the adoption of the Wisconsin Rules of Evidence. The commentaries may be found with the WIS. R. EVID. 59 Wis. 2d Rvii-R377 (1973).

category of facts because it deals with the "where" of the relevant events in this case.[4]

¶ 8. Next, we address whether the fact that Penn Park is a city park is the type of adjudicative fact of which the court may take judicial notice. *See* WIS. STAT. § 902.01(2). We are satisfied that the fact that Penn Park is a city park is "generally known within the territorial jurisdiction of the trial court," given that Penn Park is located in the City of Madison, which is within the territorial jurisdiction of the Dane County Circuit Court. Furthermore, the fact is one that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." That Penn Park is a city park may be readily verified by contacting the City of Madison Parks Division, consulting its publications, or even by visiting its website (http://www.ci.madison.wi.us/parks). Thus, the fact

_____

[4] Harvey does not challenge the State's view that whether Penn Park is a city park is an adjudicative fact, subject to the requirements of WIS. STAT. § 902.01 for the taking of judicial notice. One could argue, however, that the trial court actually took notice of the "legislative fact" that Penn Park is the type of park regarding which, under WIS. STAT. § 961.49, penalties may be enhanced for certain crimes committed within their proximity. *See, e.g., United States v. Gould*, 536 F.2d 216, 218–21 (8th Cir. 1976) ("Legislative facts . . . do not relate specifically to the activities or characteristics of the litigants. . . . [They] are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case."; thus, "[t]he fact that cocaine hydrochloride is a derivative of coca leaves" is a legislative fact, and the trial court did not err in instructing the jury that "the applicable law classified the substance as a schedule II controlled substance.").

qualifies as a judicially noticeable fact under WIS. STAT. § 902.01(2).

¶ 9. The trial court decided sua sponte to take judicial notice of the fact at issue. It was within the court's discretion to do so. WIS. STAT. § 902.01(3). The court apparently concluded that it would be more efficient to take judicial notice of the fact than to have the State call a witness to establish it. We conclude that the trial court did not erroneously exercise its discretion in so doing, and that the court did not err in reopening the evidence in order to take judicial notice.

¶ 10. Under WIS. STAT. § 902.01(6), judicial notice may be taken "at any stage of the proceeding." The decision to reopen a case for additional evidence lies within the sound discretion of the trial court. *State v. Vodnik*, 35 Wis. 2d 741, 746, 151 N.W.2d 721 (1967). We will not reverse a discretionary decision by a trial court unless there is no reasonable basis for the decision. *Wisconsin Pub. Serv. Corp. v. Krist*, 104 Wis. 2d 381, 395, 311 N.W.2d 624 (1981). The State initially brought the issue to the fore when it moved to amend the information, and Harvey responded by moving for a directed verdict on the penalty enhancer. We conclude that it was not an erroneous exercise of discretion to reopen the evidence to cure a technical omission or oversight by the prosecution. Reopening for that purpose was not unfairly prejudicial to the defendant, given that he has made no claim, either here or in the trial court, that Penn Park is not a city park, or that the State would have been unable to submit evidence that it is one, had the matter been challenged during trial.

¶ 11. Harvey next contends that the trial court erred in taking judicial notice because the court was

198

not supplied with the necessary information in support of the noticed fact. *See* WIS. STAT. § 902.01(4) (judicial notice is "mandatory" when a party requests it and provides the necessary information). However, because the court decided sua sponte to take judicial notice of the fact, the State was not required to provide information to support it. Because the "necessary information" was not supplied, the taking of judicial notice was not mandatory, but the absence of supporting information does not render erroneous the court's discretionary decision to notice the fact that Penn Park is a city park. *See* § 902.01(3) and (4).

¶ 12. Harvey also argues that the trial court erroneously exercised its discretion based on a mistake of law, because it was initially unsure whether the park is a "state, county, city, village or town" park. The court stated, however, that the terms are "merely adjectives," and what really mattered was whether it was a park. The court was clearly satisfied that Penn Park's status as a public, government-owned park was a judicially noticeable fact, and it was thus the type of park included within the statute. Moreover, as we have noted, Harvey does not dispute that Penn Park is a City of Madison park, and we discern no "mistake of law" in the trial court's actions.

¶ 13. In addition to challenging the trial court's action on state-law evidentiary grounds, Harvey contends that the trial court violated his right to due process by taking judicial notice that Penn Park is a city park and requiring the jury to find that fact. We reject Harvey's constitutional claim.

¶ 14. The charge against Harvey was possession of cocaine with intent to deliver, within 1000 feet of a park. To convict Harvey on the penalty enhancer, the

State needed to prove that he was within 1000 feet of a "state, county, city, village or town park" when he possessed the cocaine. WIS. STAT. § 961.49. The State concedes that "both the distance of 1,000 feet and the protected location's status as a park are elemental facts which must be proven by the State beyond a reasonable doubt and submitted to the jury for determination."[5]

¶ 15. As we have discussed, the trial court did not err as an evidentiary matter in taking judicial notice that Penn Park is a city park. The court further instructed the jury that it was "directed to accept . . . as true" that Penn Park is a city park. *See* WIS. STAT. § 902.01(7) (which requires a court to "instruct the jury to accept as established any facts judicially noticed"). Harvey claims that "the court's instruction relieved the jury of finding an element of the offense." The State

[5] We note, however, that the pattern jury instruction for the penalty enhancer at issue, WIS JI—CRIMINAL 6004, does not identify the status of the protected premises as a separate element for the jury to consider:

> If you find the defendant guilty, you must answer the following question:
>
> "Did the defendant deliver (name controlled substance) while (on) (within 1,000 feet of) school premises?"

Here, the trial court substituted "a park, to-wit: Penn Park" for "school premises" in the pattern instruction. Harvey does not argue that the jury was required to decide with specificity what kind of park Penn Park is (state, county, city, village or town) in order to find him guilty of the enhancer allegation. A defense based on a claim that a given location was not duly designated as a park by one of the enumerated governmental entities may be more amenable to a motion to dismiss on legal grounds than to determination by a jury as a factual issue. Nonetheless, we accept the State's concession that it was obligated to prove beyond a reasonable doubt that the location in question was one enumerated in WIS. STAT. § 961.49.

responds that, under Wisconsin law, "judicial notice is constitutionally proper in a criminal case." We agree.

¶ 16. The court's instruction complies with WIS. STAT. § 902.01(7). The basis for it is explained as follows: "To be judicially noticed, an 'adjudicative fact' must be indisputable and when judicially noticed no evidence in disproof of that 'adjudicative fact' is admissible. Thus the rule that the jury is to be instructed to accept as established any 'adjudicative facts' judicially noticed." WIS. R. EVID. 59 Wis. 2d R36 (Judicial Council Committee's Note to WIS. STAT. § 902.01(7)). The Federal Advisory Committee's Note elaborates further:

> Authority upon the propriety of taking judicial notice against an accused in a criminal case with respect to matters other than venue is relatively meager. Proceeding upon the theory that the right of jury trial does not extend to matters which are beyond reasonable dispute, the rule does not distinguish between criminal and civil cases.

WIS. R. EVID. 59 Wis. 2d R38 (citations omitted).

¶ 17. Harvey contends that the effect of the trial court's actions created a "mandatory conclusive presumption" which "invade[d] the jury's province and overr[ode] the presumption of innocence." We disagree. The trial court did not direct the jury to enter a verdict on the penalty enhancer, but only informed the jury that it must accept as true that Penn Park is a city park. The jury still had to decide whether Harvey committed the underlying offense, and whether he did so within 1000 feet of Penn Park.

¶ 18. Harvey asserts that the trial court should have followed the current federal rule regarding judicial notice in a criminal case. The federal rule requires that when a court takes judicial notice of a fact, it must instruct any criminal jury "that it may, but is not

required to, accept as conclusive any judicially noticed fact." FED. R. EVID. 201(g). As we have noted, however, the Wisconsin rule on judicial notice requires that a jury be told to "accept as established" a judicially noticed fact, and our rule does not differentiate between civil and criminal cases. WIS. STAT. § 902.01(7). We conclude that the Wisconsin statute on judicial notice does not violate Harvey's constitutional right to due process or his right to have a jury determine his guilt on the charges against him.

¶ 19. Judicially noticed facts are indisputable, or "beyond reasonable controversy." WIS. R. EVID. 59 Wis. 2d R31 (Federal Advisory Committee's Note). A jury's task in a criminal case is to decide a defendant's guilt "beyond a reasonable doubt." WIS. STAT. § 903.03(3). We agree with the State that, because a criminal defendant's right to trial by jury extends only to contestable issues of fact, the taking of judicial notice of an incontestable fact does not violate that right. *See, e.g.,* 2 KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 332, at 385–87 (John W. Strong ed., 5th ed. 1999).

¶ 20. Harvey cites *State v. Kuntz*, 160 Wis. 2d 722, 736, 467 N.W.2d 531 (1991) for the proposition that "evidentiary presumptions in a jury charge that relieve the state of its duty to prove each element beyond a reasonable doubt violate the due process rights of the accused." The present record, however, does not involve a "mandatory conclusive presumption," as was held to be the case in *Kuntz.* A "mandatory presumption instructs the jury that it must find the elemental fact if the state proves certain predicate facts . . . [and thus] relieves the state of its burden of persuasion by removing the presumed element from the case entirely. . . ." *Id.* at 736–37 (citation omitted).

The State was not relieved of its burden to prove that Penn Park is a city park, however. It simply did so via the evidentiary device of judicial notice instead of by introducing testimony or other evidence of the undisputed fact. A defendant's right to require the State to prove criminal charges beyond a reasonable doubt is protected by the opportunity to challenge a proffered fact as not being "incontestable," or otherwise not meeting the requirements for judicial notice under WIS. STAT. § 902.01.

¶ 21. We conclude that the variance between the present Federal and Wisconsin Rules is a matter of policy choices, not of constitutional compliance. The difference in what civil and criminal juries are told regarding judicially noticed facts appeared in the preliminary draft of the Federal Rules, and again in the final version adopted by Congress, but not in an interim revised draft that was "adopted" by the United States Supreme Court. *See* 21 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5101, at 448–51 (1977); *see also id.* at § 5111, at 528–33 & n.17 (1977 & Supp. 2000) (discussing the constitutional issue; noting that "[in 1977] all of the states with modern codes make judicial notice binding on the jury in all cases, criminal as well as civil" (but see notes in supplement for divergence of views in subsequent years)).

¶ 22. In sum, we conclude that Harvey's constitutional due process and jury trial rights were not violated in this case.

## CONCLUSION

¶ 23. For the reasons discussed above, we affirm the judgment of conviction.

203

*By the Court.*—Judgment affirmed.