COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2019AP764-CR**
**2019AP765-CR**
**2019AP766-CR**

Cir. Ct. Nos. 2017CF1048
2017CF627
2016CF2354

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL O. STATLER,

   DEFENDANT-APPELLANT.

APPEALS from judgments of the circuit court for Rock County: MICHAEL A. HAAKENSON, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1	PER CURIAM.  Michael Statler appeals judgments of conviction of the Rock County Circuit Court for eight counts of armed robbery as a party to a crime.[1]  *See* WIS. STAT. §§ 943.32(2) and 939.05 (2017-18).[2]  Statler asserts that the circuit court erred, and he was materially prejudiced, because the court instructed the jury that the court had taken judicial notice of certain facts germane to the testimony of a witness.[3]  Specifically, Statler argues that the circuit court erred because the court instructed the jury that, when a defendant is given probation as a sentence for a crime, and the defendant is revoked from probation, the defendant returns to court for sentencing and the defendant can potentially be sentenced up to the maximum statutory penalty for that crime.  We conclude that the circuit court did not err in giving the judicial notice instruction and affirm.

## BACKGROUND

¶2	The following material facts are not disputed.

¶3	In three separate complaints, Statler was charged with eight counts of armed robbery as a party to a crime.  On the State's motions, the cases were joined for trial.

¶4	At trial, Anthony Lowery was called as a witness for the State.  In a separate case, Lowery had been charged with two of the same armed robberies

---

[1] We consolidated these appeals on Statler's motion.  See this court's order of July 11, 2019.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] For ease of reading, we will sometimes refer to that instruction as the "judicial notice instruction."

with which Statler was charged. Lowery testified (and the State agreed) that, in exchange for Lowery's plea to two felony offenses in his case and his truthful testimony against Statler at Statler's trial, the State would recommend that Lowery be sentenced for those crimes to one year of confinement in the county jail as a condition of Lowery's ten years of probation. Lowery also testified that he participated in several of the same robberies that Statler was charged with, and that he was informed that Statler participated in the other charged robberies.

¶5 Prior to the conclusion of the trial testimony, the State requested permission from the circuit court to make the following argument to the jury in closing: If Lowery is placed on probation based on his pleas to the two felony offenses, and if Lowery's probation is later revoked, Lowery will return to court for sentencing, and Lowery could receive the maximum sentence for each felony offense. The State contended that this information was germane to Lowery's credibility. In order to have an evidentiary basis for that argument, the State asked the circuit court to take judicial notice of the process regarding possible revocation of Lowery's probation and sentencing of Lowery. The circuit court granted the State's request over Statler's objection. The circuit court ruled that the information the State sought judicial notice of "would assist the jury in understanding Mr. Lowery's testimony and specifically his credibility."

¶6 Pertinent to this appeal, the circuit court instructed the jury as follows:

> The Court has taken judicial notice of certain facts, and you are directed to accept these facts as being true. In the State of Wisconsin, the State and the defendant can agree to resolve a criminal case by making a joint recommendation to the Court as to what should happen to the defendant. The Court does not have to follow the recommendation and it can sentence the defendant to whatever it thinks is

appropriate up to the maximum penalties prescribed by law.

> If a Court places someone on probation, it can do that in two ways. First, it can impose a specific sentence up to the maximum penalty but stay its imposition, which means the defendant would not have to immediately start serving that sentence, and then place the defendant on probation. If the defendant's probation is later revoked, the defendant would then automatically start serving the sentence after the revocation. Or, second, it can … withhold entering a sentence and place the defendant on probation. If the defendant is revoked from probation under this alternative, the defendant would be returned to court and the Court would sentence them to whatever it believes up to the maximum penalties.

¶7 During its closing argument, the State took the position that Lowery was credible, at least in part, due to the potential penalties he faced from his plea agreement and possible revocation of his probation. The State argued:

> It was difficult for [Lowery], but he answered our questions truthfully. So if we want to present this evidence to you, we have to do that through Mr. Lowery. I know some of you were shocked by the offer the State made to Anthony Lowery, and, again, we're not condoning his behavior. Not at all. We make -- we made an offer. We will make that joint recommendation to the Judge. But as the Judge instructed you, sentencing is always up to the Judge. And if the Judge follows the agreement as it's stated, Mr. Lowery is going to have two very serious felony convictions on his -- on his record for the rest of his life. He's going to go to jail. He's 19 years old. He's going to spend a year in jail. Most of that jail is going to be while he's doing the RECAP program [an intensive rehabilitation program], which means he's not going to be out in the community living. He might be out in the community as a function of the jail as far as RECAP doing -- depending on his behavior -- different processes, but he'll spend every night in the jail. He's going to be on probation for ten years. He'll be almost 30 when he's off probation. And this is a big deal. If he is not able to comply with the rules that -- at the jail, with the rules of probation, he can come back before the sentencing Judge and have the full penalties imposed.

4

¶8    Statler's attorney attacked Lowery's credibility in closing argument and stated:

> And he's getting the golden ticket on this. You can look for the exhibit that tells you what he's going to get. Based off of his performance, he's getting out of this basically scot free with probation. As long as he incriminates, as you heard, … Michael Statler.

¶9    The jury found Statler guilty of all charges. Statler appeals. We will mention other material facts in the following discussion.

## DISCUSSION

¶10    Statler contends that his trial defense was materially prejudiced because the circuit court erred in giving the judicial notice instruction to the jury. Below, we set forth our standard of review and then address Statler's arguments.

## I.  Standard of Review.

¶11    The parties approach the issues in this appeal regarding the judicial notice instruction as evidentiary questions, and so do we.[4]  We review a circuit

---

[4]  WISCONSIN JI—CRIMINAL 103 states in part:

> *Evidence is*:
>
> First, the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness.
>
> Second, the exhibits the court has received, whether or not an exhibit goes to the jury room.
>
> Third, *any facts* to which the lawyers have agreed or stipulated or *which the court has directed you to find.*

(Emphasis added.)

5

court's evidentiary rulings for an erroneous exercise of discretion. *State v. Meehan*, 2001 WI App 119, ¶23, 244 Wis. 2d 121, 630 N.W.2d 722. "If a [circuit] court applies the proper law to the established facts, we will not find a misuse of discretion if there is any reasonable basis for the [circuit] court's ruling." *Id.*

## II. The Circuit Court Did Not Erroneously Exercise Its Discretion.

¶12 Statler's arguments focus on the last sentence of the judicial notice instruction, and we repeat that sentence for clarity: "If the defendant is revoked from probation … the defendant would be returned to court and the Court would sentence them to whatever it believes up to the maximum penalties." Statler does not contend that the judicial notice instruction is an incorrect statement of Wisconsin law or that the instruction does not accurately explain the procedure when a defendant's probation is revoked. *See* WIS. STAT. §§ 973.09(1)(a) and 973.10(2) (explaining the procedure for imposing and revoking probation, and that the defendant has the withheld sentence imposed or is returned to court for sentencing). Rather, Lowery asserts two separate arguments which we now discuss.

### A. WISCONSIN STAT. § 902.01 is Not Applicable.

¶13 Statler's first argument is that the pertinent facts judicially noticed by the circuit court are "adjudicative facts" governed by WIS. STAT. § 902.01, and the judicial notice instruction does not comply with that statute.[5] The State argues

---

[5] WISCONSIN STAT. § 902.01 states:

**Judicial notice of adjudicative facts.**

(continued)

that the facts concerning sentencing upon probation revocation are not "adjudicative facts" but, instead, are "legislative facts" and, as such, the admissibility of those facts is outside the purview of § 902.01.

¶14 We pause to explain the difference between adjudicative and legislative facts. "Adjudicative facts are simply the facts of the particular case" and are generally established through the introduction of evidence. *Sisson v. Hansen Storage Co.*, 2008 WI App 111, ¶10 n.3, 313 Wis. 2d 411, 756 N.W.2d

(1) SCOPE. This section governs only judicial notice of adjudicative facts.

(2) KINDS OF FACTS. A judicially noticed fact must be one not subject to reasonable dispute in that it is any of the following:

(a) A fact generally known within the territorial jurisdiction of the trial court.

(b) A fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(3) WHEN DISCRETIONARY. A judge or court may take judicial notice, whether requested or not.

(4) WHEN MANDATORY. A judge or court shall take judicial notice if requested by a party and supplied with the necessary information.

(5) OPPORTUNITY TO BE HEARD. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(6) TIME OF TAKING NOTICE. Judicial notice may be taken at any stage of the proceeding.

(7) INSTRUCTING JURY. The judge shall instruct the jury to accept as established any facts judicially noticed.

667 (quoted source omitted). WISCONSIN STAT. § 902.01 "governs only judicial notice of adjudicative facts." Sec. 902.01; *see Hansen Storage*, 313 Wis. 2d 411, ¶10.

¶15    In contrast, legislative facts "do not relate specifically to the activities or characteristics of the litigants" but are instead "established truths, facts or pronouncements that do not change from case to case but apply universally." *State v. Harvey*, 2001 WI App 59, ¶7 n.4, 242 Wis. 2d 189, 625 N.W.2d 892, *affirmed* 2002 WI 93, 254 Wis. 2d 442, 647 N.W.2d 189 (quoting *United States v. Gould*, 536 F.2d 216, 218-21 (8th Cir. 1976)). In the context of this appeal, legislative facts are those facts which help the jury understand questions of law. *See Westring v. James*, 71 Wis. 2d 462, 474, 238 N.W.2d 695 (1976). Judicial notice of legislative facts is not controlled by WIS. STAT. § 902.01 but is, instead, controlled by common law. *See* Judicial Council Committee Notes to § 902.01.

¶16    The State argues that the procedures regarding sentencing after revocation of probation are legislative facts because those facts are established by statute. *See* WIS. STAT. § 973.10(2). Statler does not refute in his reply brief the State's argument that the judicially noticed facts in dispute are legislative facts or that judicial notice of those facts is controlled by common law and not WIS. STAT. § 902.01. We therefore take Statler as conceding those points and, as a result, reject Statler's first argument. *Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App.1994) (stating that a proposition asserted by a respondent on appeal and not disputed by the appellant's reply is taken as admitted).

## B. The Judicially Noticed Facts Were Relevant.

¶17     Statler's second argument is that the circuit court erred in ruling that the judicially noticed facts were relevant because those facts would assist the jury in determining Lowery's credibility.  Consistent with that ruling, the circuit court instructed the jury to "consider whether receiving immunity and concessions affected" Lowery's testimony, and that the jury should give Lowery's testimony "the weight you believe it is entitled to receive."  However, Statler argues that the facts in the final sentence of the judicial notice instruction were not relevant to Lowery's credibility because there was "no evidence" that Lowery was aware that he could be sentenced to the maximum penalties for his crimes upon any future probation revocation.  According to Statler, because those challenged judicially noticed facts were not relevant, it was error for the court to take judicial notice of those facts, and that error materially prejudiced Statler.  We are not persuaded.

¶18     We begin our analysis by noting the very broad language defining "relevant evidence" in WIS. STAT. § 904.01 which states:  "'Relevant evidence' means evidence having *any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable* than it would be without the evidence."  (Emphasis added.)  In addition, Statler concedes, as he must, that evidence concerning the credibility of a witness is relevant evidence.  *See State v. Marinez*, 2011 WI 12, ¶34, 331 Wis. 2d 568, 797 N.W.2d 399.  Further, it was up to the jury to determine Lowery's credibility and draw inferences from the evidence.  *See State v. Maday*, 2017 WI 28, ¶¶34, 40, 374 Wis. 2d 164, 892 N.W.2d 611.

¶19     In light of those authorities, Statler's argument fails.  For the last sentence of the judicial notice instruction to be relevant and admissible, it was not

9

necessary to have direct evidence that Lowery knew at the time of trial that he could receive the maximum sentence if his probation was revoked. Rather, it was properly left to the jury to infer Lowery's knowledge (or lack thereof) on that factual point. The last sentence of the judicial notice instruction was relevant because, as the circuit court recognized, that language assisted the jury to draw (or not draw) inferences about Lowery's knowledge and credibility in its discretion.

¶20 Accordingly, we conclude that the challenged judicially noticed facts were relevant to Lowery's credibility, and that the circuit court did not erroneously exercise its discretion in giving the jury the judicial notice instruction.[6]

## CONCLUSION

¶21 For the foregoing reasons, the judgments of the circuit court are affirmed.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Because our conclusion that the judicial notice instruction was proper is determinative, we do no address other arguments raised by the parties. *See **Sweet v. Berge**,* 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).